## Walker, Appellant, *v.* Tunstall.

The statute which requires the cause of action to be endorsed on the writ by the clerk or plaintiff's attorney, only intended to give the defendant notice of the nature of the action. If the plaintiff states more in his endorsement than is necessary it will be treated as surplusage.

Where the endorsement on the writ stated correctly the amount of the note, time of payment, &c., but described it as payable at one bank when it was in fact payable at another: *Held*, the notice given of the cause of action was a sufficient compliance with the statute.

When notice of a protest of a promissory note is to be given to a member of congress, it must be sent to his place of residence, and if his residence is not known due diligence must be exercised to ascertain the same. Notice sent to Washington City, District of Columbia, when the party has a residence in the state which he represents, is not sufficient.

If a member of congress had no fixed place of residence, but was known to be in Washington City, notice sent there would be sufficient. (*Semble.*)

APPEAL from the circuit court of Adams county.

This was an action of *assumpsit* on a promissory note drawn by Benjamin Williams for 5350 dollars, endorsed by R. J. Walker, the appellant. The cause was tried at the February term of said court, before the Hon. George Coulter.

The defendant pleaded in abatement for a variance between the endorsement of the cause of action on the writ, and the description of it in the declarations, in this, that the endorsement describes a note payable at the Planters' Bank, and the declaration describes a note payable at the Agricultural Bank. There was a demurrer to the plea, which was sustained. Defendant pleaded over.

The plaintiff proved on the trial, that the note sued on, was regularly presented for payment, and protested for non-payment, when it became due; and that notice of protest of non-payment, was sent by mail to the defendant, directed to Washington City; witness did not know where Walker's residence was at that time, but that he then was in the Senate of the United States, and

[Walker, Appellant, v. Tunstall.]

supposed he was in Washington City; no other notice was given.

It was also proved, that Walker was a citizen of Mississippi, that his residence had been in Natchez; but that, in September, 1835, he removed to Madison county, in this state; and that Madison county was his last place of residence, but that he was in Washington City, at the time the note was protested.

That he sold his place in Madison county in May, 1836, but retained a part of it; witness did not know that that part embraced the residence. Walker's residence, when in Mississippi, was unknown to the witness at the date of the protest.

The defendant's counsel moved the court to instruct the jury, that, to hold an endorser responsible, if notice was not given to him in person, it must be sent to him, either at his place of residence, or his last known residence; and if they believed such notice had not in this case been given, they must find for defendant; which the court refused, but charged, that if the jury believed that at the time of the protest, Walker had no known place of residence, but was known to be in Washington City at the time, such notice was legal and bound him, and if it was known that he was not at any of his former residences, but at Washington City at the time of the protest, it was not necessary to send notice to his former place of residence, but to Washington City, if he was notoriously at Washington City at the time, as a senator.

To which the defendant excepted. Appeal to this court.

Gaines and Addison, for the appellant.

1. The court erred in sustaining the demurrer to the plea of abatement.

2. In refusing the instruction asked for by defendant's counsel. The proof given was of an excuse for not giving notice which was inadmissible under the averment in this case of actual notice. 2 Smith, 223, cited in Bayley and Chitty; 3 Greenleaf, 236; 6 Mass. Rep. 386; 2 Littell, 185; 2 Starkie, 161, edition of 1837; in the form of precedents are Chitty's Pleadings, vol. 3.

In case of the removal or temporary absence of an endorser, notice should be sent to his last place of residence. 20 Johns. Rep. 382.

[Walker, Appellant, *v.* Tunstall.]

3. The charge given by the court was clearly erroneous. 5 Yerger, 70.

" When it is not known where the endorser lives, due diligence must be used to find out, and where such diligence is unsuccessful notice may be dispensed with. But merely inquiring at the house where a bill is payable is not diligence." Inquiry should be made of other parties. Bayley on Bills, edition of 1836, 280, 281; 12 East, 433; 1 Johns. 294; 3 Camp. 262; Chit. on Bills, Ed. of 1836, p. 525; 3 Conn. Rep. 101; 13 Johns. 432; 8 Pick. 251; 13 Martin, 321; 16 Martin, 186; 1 Peters, 578; 2 Peters, 121, 134, 135.

The court charged the jury, that upon these facts stated in the bill of exceptions, the defendant might be chargeable as endorser. The court will observe that the note does not appear to have been presented by a notary, or by any agent of the holder, nor is it stated that the notice to Washington City was sent in due time. Chit. on Bills, 411, 412, 413, 586.

" Notice sent to the place of residence of a member of congress is good, although he was, at the time the notice was sent, at Washington City, attending to the discharge of his official duties." 9 Yerger, 1.

It follows from this position, that a notice sent to a member of congress at Washington, while there in discharge of his official duties, instead of being sent to his place of residence, or his last known place of residence, would not be good. In this case it is proved that Mr. Walker's last known place of residence was Madison county, although it is not shown that the holder or his agent used any diligence to ascertain it, or that he even made any inquiry on the subject, which, according to the authorities referred to, is indispensable.

Montgomery and Boyd, for the appellee.

The court did right in sustaining the demurrer to the plea in abatement,

1. Because the endorsement on the writ, is not technically a part of this, but a mere notice to the defendant of this cause of action, and if defective was only ground for a continuance. Rev. Code, 107, sect. 22.

[Walker, Appellant, *v.* Tunstall.]

2. Because the plea was not technically pleaded. It commenced and concluded with a prayer of judgment.

When the matter in abatement is on the writ, the plea should commence as well as conclude with a prayer of judgment; but if the matter is *dehors* the writ, it should only conclude with a prayer of judgment. 1 Chit. Plead. 400.

The notice of protest and non-payment was sufficient to render the defendant liable as endorser, 1 Johns. Rep. 194; because his place of residence was not known at the time, and the presumption is, that, as he was permanently in Washington, he was in the habit of receiving his letters at the post office in that city. 4 Wend. 398, 328; 16 Johns. Rep. 218.

When an endorser has no place of residence, or his residence, on diligent inquiry, cannot be ascertained, the law excuses notice, and the endorser is liable without it, or in case it be sent to the wrong place. All the law requires, is due diligence on the part of the holder to give notice. Bailey on Bills, 280, note 121.

As to the plea in abatement, it was not necessary to describe the note sued on, but was sufficient to state that the action was on a note, and what sum was demanded. The endorsement on the writ was sufficient, unless it was so erroneous as to mislead defendant. Such a description of a note would be sufficient in a notice to charge an endorser. Bailey on Bills, 253–4; 12 Mass. Rep. 6; 2 Johns. Cases, 337.

Mr. Chief Justice Sharkey delivered the opinion of the court.

There are two grounds relied on by the plaintiff in error to reverse the judgment of the court below. First, that the endorsement on the writ was a variance from the declaration, and that, for that reason, the demurrer to the plea in abatement should have been overruled; and secondly, that the notice to the plaintiff in error, was not sufficient to charge him as endorser of the note.

First. The note is correctly described on the back of the writ in all things, except as to the place of payment. It was described as payable at the Planters' Bank, when, in truth, it was payable at the Agricultural Bank, and so described in the declaration. The statute provides that it shall be the duty of the clerk or plaintiff's attorney to endorse on all writs to compel appearance, the

[Walker, Appellant, *v.* Tunstall.]

nature of the action, whether founded on bond, bill, note or other written contract, covenant or agreement, or on open account, and the amount of the sum actually demanded, or whether the same be brought to recover damages for wrongs and injuries done to the property or person of the plaintiff; and also whether bail be or be not required. Rev. Code, 107. This can only be regarded as a notice to the defendant of the nature of the action. It in reality constitutes no part of the writ. If the plaintiff states in it more than he was bound to do, it can only be surplus-age, and may be rejected; at most it can afford no ground for a plea in abatement. In this instance, the plaintiff's attorney did all that the statute requires. The nature of the action is given, and said to be founded on a note, the amount thereof being stated. This is all that the statute requires, and the endorsement might here have stopped; it cannot be vitiated by the addition of time and place of payment. No good reason can be perceived why such variance should be fatal. It is an immaterial variance, and considering the endorsement as a notice, it could only, at most, have entitled the defendant to a continuance. The demur-rer to the plea in abatement was, therefore, properly sustained.

Secondly. Was the notice sufficient to charge the plaintiff in error as endorser? This question necessarily arises out of the instructions asked of the court, as applicable to the case as it was presented on the trial. Although the general principles of law, in relation to the liability of endorsers, are but few, and seem to be well settled; yet so varied are the cases in which it becomes necessary to make an application of the law, that it is often diffi-cult to determine whether the endorser is liable or not. The liability is to be tested by the steps which have been taken by the holder of the note.

The great object of the law is that the endorser, whose under-taking is conditional, should be informed of the dishonor of the note, so that he may withdraw his funds, or take immediate measures to protect himself against loss. To this end the holder must give immediate notice of the dishonor. The most certain means of accomplishing this object must be adopted. When per-sonal notice can be given, that is most certain of all other modes, and should be adopted. When that cannot be done, however,

[Walker, Appellant, *v.* Tunstall.]

notice may be left at the residence of the endorser, and this is equivalent to personal notice, because the law presumes that it is sure to be received. Where such notice cannot be given in consequence of the distant residence of the party, it will be sufficient to give notice through the mail, directed to the nearest post office to the endorser's residence, or to such office as he may be in the habit of getting his letters from. If he has changed his residence, and after due diligence his place of abode cannot be ascertained, it will still be sufficient to leave it at his last known place of residence. If he is temporarily absent, but has still a place of residence, it will be sufficient to leave notice there, as is most likely to reach him. If he cannot be served personally with notice, and has no place of residence, or it cannot be ascertained after diligent inquiry, the failure to notify may be excused, by so averring in the declaration. These are all but means to accomplish the same end, and in every step the law imposes on the holder, reasonable diligence in bringing home notice to the endorser, so that he may be on his guard. Does the case before us come within any of these rules? The notice was directed to Washington City, and put in the post office; the plaintiff in error being a member of the senate, from Mississippi. Under what circumstances would such a notice be deemed sufficient? If he had no known place of residence in Mississippi, or if, after diligent inquiry, his place of residence could not be ascertained, then the notice might be good. In order to ascertain this, we must resort to the testimony, which is set out in the bill of exceptions.

It was in proof that when the note became due, it was regularly protested for non-payment. That notice of protest was sent, in due course of mail, to the plaintiff in error, directed to Washington City, District of Columbia. The witness did not know where the plaintiff's residence was, but that he was at that time a member of the United States senate, and he supposed he was at Washington City, and that this was the only notice given. It was further proved that Walker was a citizen of the state of Mississippi, and that he had changed his residence in September, 1835, from Natchez to Madison county, in the same state. That Madison county was his last known place of residence, and that he was in Washington City at the time the note was protested and

[Walker, Appellant, *v.* Tunstall.]

notice sent. That he had sold his place in Madison county in May, 1836, but in the sale had retained a part of it, and the witness did not know whether the dwelling house was on the part retained or not. The residence of Walker was neither known to the witness, nor shown at the time of the protest of the note.

This testimony, although not positive, is sufficient to raise a fair presumption that Walker was, at the time of the protest, still a citizen of Madison county. It is certain that he had resided there nine months previous, and it is not certain that he had changed his residence. He had only sold part of his plantation, and whether the part sold included his dwelling or not, the witness did not know. Under such circumstances, and with a knowledge of these facts, what was the duty of the holder of the note? The books speak one universal language, to wit: that reasonable diligence must be used in order to ascertain the residence of the endorser; and if, after such diligence, it cannot be found, the holder will be deemed to have done his duty. Has the holder, in this instance, brought himself within the rule? The witness stated that, at the time of protest, he did not know where Walker's residence was, but at the time he was a member of the senate, and he supposed he was at Washington City. Did he inquire where his residence was? No such thing is stated. No effort whatever was made to ascertain whether Walker still lived in Madison county, although it was known that his last residence was there, and it was not known that he had changed it. It is probable that the necessary information might have been obtained without much difficulty, but no trouble was taken to acquire it. It is not certain whether this testimony was given by the notary or not; the bill of exceptions does not show. It is probable that it was, and although he did not know where Walker's residence was, it does not follow that others were equally uninformed. Not a single inquiry was made, however, in regard to it. This was culpable neglect; and to give sanction to it, would be to dispense with all diligence. It was incumbent on the holder to have made inquiry, whether Walker still resided in Mississippi, and if he did, notice should have been directed to his place of residence. That he was at Washington City at the time made no difference. His absence was but tem-

porary, and the duration of that absence uncertain.   In case of such absence from home, the law presumes that some member of the family is still at the residence, and that communications will be forwarded to the proper address.   That in this way, an endorser is most likely to be informed of the dishonor of the note. If Walker had no residence in Mississippi, that fact probably might be sufficient to sustain the notice, but without such showing it must be deemed insufficient.   Under such circumstances, notice addressed to his last place of residence might also be deemed sufficient.   On these points, however, it is unnecessary to decide. The court erred, therefore, in charging the jury that notice sent to Washington, if it was known that Mr. Walker was there, was sufficient, without also charging that reasonable diligence should have been used to ascertain his residence.   Reasonable diligence is indispensably necessary to charge an endorser.   3 Campbell, 262; 12 East, 433; 20 Johns. Rep. 372; 5 Yerger, 67; 9 Yerger, 1.

The judgment must be reversed, and cause remanded, and *venire de novo* awarded.