Mr. Justice Thacher
delivered the opinion of the court.
This is an indictment for an assault with an intent to kill, framed under the statute, (H. & H. 698, sec. 39,) which runs against any person shooting at another, with intent to kill such other person.
The point made here is upon a motion in arrest of judgment, for defects in the indictment, overruled in the circuit court. The indictment alleges, that the said William Jones, &c., “with a certain gun, then and there loaded with powder and divers leaden shot, which he, the said William Jones, in both his hands then and there had and held, at and against one Cornelius L. Mixon, then and there being, feloniously, wilfully, maliciously, and unlawfully, did shoot with intent then and there, and thereby feloniously, wilfully, maliciously, unlawfully, and of his malice aforethought, to kill and murder, contrary to the form of the statute,” <fcc.
The objection is, that the intent is not sufficiently averred in this, that the act is not alleged to have been done with the intention of killing the said Mixon or any other person.
The statute, (H. & H. 698, sec. 33,) quoted above, specifies the intent to kill the person shot at, as one of the intents made essential to constitute the offence. Such being, probably, the main intent in this case, the indictment should have charged that intent. Rex v. Gillow, Moody, 85; Rex v. Duffin, Russ. & Ry. 365.
The indictment is uncertain. There is no allegation of an intent to kill any particular person. In Rex v. Holt, 7 Car. & Payne, 518, the indictment, framed under the statute 9 Geo. 4, c. 31, § 11, 12, was for shooting “at one John Hill, with intent to *318 murder the said John Hill.” The jury found the prisoner guilty of shooting at Mr. Hill, with intent to do Mr. Lee some grievous bodily harm. The court ordered a verdict of not guilty to be recorded. Tó come, therefore, within this statute, we think the accused must be charged with having shot at a certain person, with intent to kill that person.
The indictment is vicious, and the motion in arrest of judgment should have been sustained in the circuit court.
The judgment of the circuit court is reversed, and judgment is arrested in this court upon this indictment, and the proceedings in the circuit court set aside. 1 Chit. Crim. L. 304, 443, 663; Barb. Cr. Trials, 331; H. & H. 725, sec. 19.
But the accused cannot be set at liberty, but the same proceedings must be had again under a new indictment in the circuit court of Jasper county, to the jail of which county he must be remanded, if he make default in giving bail. H. & H. 669, sec. 27; Ib. 725, sec. 19.