WILLIAM DRAUGHN *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Confessions. Practice.*

Before admitting a confession in evidence, the trial court should, apart from the jury, examine into the matter and find that the confession was freely and voluntarily made.

2. SAME. *Flattery of hope.*

If a confession of crime be made upon the faith of a promise by the injured party not to prosecute therefor, evidence of such confession is not admissible.

3. SAME. *Burglary. Variance. Kind of house.*

Proof of the breaking and entering of a crib or smokehouse will not support an indictment charging the breaking and entering of a dwelling house.

4. SAME. *Indictment.*

An indictment which simply charges defendant with breaking and entering a dwelling house with intent to commit larceny therein is bad. It should have charged the breaking and entry to have been with intent the goods and chattels of the injured party, then in said house, feloniously and burglariously to take and carry away.

FROM the circuit court, first district, of Perry county.

HON. A. G. MAYERS, Judge.

The facts are sufficiently stated in the opinion of the court.

*Hartfield & McLaurin* and *M. W. Mounger* and *McWillie & Thompson,* for appellant.

Draughn was indicted for burglary, under § 991, code of 1892, the charge being that he broke and entered the dwelling house of West, "with intent to commit the crime of larceny therein." The indictment was not a good one under § 996 of the code. It does not aver that any "goods, merchandise

or valuable thing" was kept in the house for "use, sale, deposit or transportation." Nor was it good under any statute or at common law, because the larceny is not properly charged. West, the owner of the house, testified: "It was not my dwelling house. It was a 'sorter' crib. It was a house I had taken for a crib. It was not my dwelling house. It had been, but it was not my dwelling house. I had taken it for a crib." This was all the testimony on the subject of the character of the house, except a statement that a plank which had been nailed to an old, fallen-down chimney had been pulled off. Of course it does not follow that, because a house has a chimney, it is necessarily a dwelling. Even if the house was at one time a dwelling house, it ceased to be one when abandoned as such and when used, as the one in question was, for other purposes. *Scott* v. *State*, 62 Miss., 781.

The conviction was, therefore, unwarranted, and it ought to be reversed. It cannot be maintained as a conviction under § 996, code of 1892, because the appellant was not indicted for violating that section and the crime defined therein is not embraced in the crime defined by § 991, code, and is not embraced in the present indictment.

The only evidence connecting appellant with the crime sought to be proven by the state was some pretended confessions said to have been made by him. When the state offered to prove these pretended confessions the defendant objected thereto on the ground that the pretended confessions were not voluntary, and asked to have the jury retire, and that the court hear the evidence as to whether the pretended confessions were voluntary and admissible as evidence against him. The court overruled the objections and denied the request. In this the court below erred. *Hunter* v. *State*, 74 Miss., 515, and cases cited. The error is a reversible one. If the trial judge ever determined the question as to whether the pretended confessions were free and voluntary, he did so incidentally, and he deprived appellant of the right to introduce witnesses showing the facts

under which the pretended confessions were made, disconnected with other matters. The correct procedure in such cases is necessary for the protection of the innocent. In this case we feel an assurance that, under the evidence on the subject shown in the record—that which went to the jury—this court cannot say that it does not entertain a reasonable doubt as to whether the so-called confessions were free and voluntary.

Appellant's motion for a new trial should have been sustained for the errors already mentioned herein, and it should have been sustained because the verdict was not warranted by the evidence. The proof on the subject of the character of the house required an acquittal. But, aside from the character of the house, even if we look to the pretended confessions, there was no proof that Draughn broke and entered the house. The evidence about the tracks amounted to nothing. There was no confession by Draughn that he broke and entered the house. The pretended confession consisted in causing a piece of bacon to be delivered to the prosecutors. Appellant did not say or in any way affirm that he was ever at the house; did not admit that the bacon was that which had been stolen, and he was not found in the possession of the stolen property. We do not see how any sensible man can do so, excluding all reasonable doubt of its truth from his mind, yet, if we accept as true the bald statements of the prosecuting witness, that the meat which was brought to him by appellant's child was the identical piece of bacon which was taken from the house, still no presumption of guilt attaches to appellant. If a person be found soon after a larceny in possession of stolen property, and he does not explain his possession, he may be presumed to be the thief; but to raise such a presumption, whether it be one of law or fact, he must be in possession. The fact that he knows where the property is, or that it is on his premises, does not and cannot support the presumption. Some other person may have stolen it and placed it on defendant's premises. Possession of stolen property to be evidence of guilt must be ex-

clusive and personal.   3 Greenl. on Evi., sec. 33; Cowan &
Hill's notes to Phil. on Evi.; *State* v. *Smith*, 2 Ired (N. C.),
402; *Crozier* v. *People*, 1 Park (N. Y.), Cr., 447; *People* v.
*Hurley*, 60 Cal., 74; *State* v. *Rice*, 83 N. C., 661; *Com.* v.
*Price*, 21 Gratt. (Va.), 347.

*Wiley N. Nash*, attorney-general, for appellee.

The reporter does not find the attorney-general's brief on
file.

Argued orally by *T. A. McWillie*, for appellant, and by
*Wiley N. Nash*, attorney-general, for appellee.

TERRAL, J., delivered the opinion of the court.

The indictment alleged "that William Draughn on the ——
day of June, 1895, did feloniously, burglariously break and
enter the dwelling house of Sam West with intent to commit
the crime of larceny therein," etc.   In the course of the trial
it clearly appeared from the evidence of the prosecutor, Sam
West, that the house broken into was not a dwelling house, but
was a crib, and the only evidence of its use was the testimony of
West, who said that he lost some bacon out of it.   The
variance between the allegation of the breaking into a dwell-
ing house and the evidence relating thereto constitutes the first
objection of the defendant to his conviction.   The evidence
arising from the confession of Draughn, obtained by a promise
not to prosecute him, was also objected to.   In the third place
the defendant complains that before West testified as to the
confessions of Draughn, he requested the court to ascertain,
apart from the jury, whether the forthcoming confession was
free and voluntary or not, which the court declined to do, and
this action is also complained of.   These several objections we
think are well taken.

1. That the court before admitting the confessions to the

jury should have examined and known that it was free and voluntary is held in *Ellis* y. *State*, 65 Miss., 47.

2. That the flattery of hope held out to the defendant, by the promise of West not to prosecute him, vitiated the confession as evidence is announced in 1 Greenl. on Evi., sec. 119.

3. That the breaking of a crib or of a smokehouse will not support the allegation of the breaking of a dwelling house is affirmed by Wharton Am. Crim. Law (6 Ed.), sec. 1611.

The indictment is bad in not alleging that Draughn broke and entered the house of West with intent the goods and chattels of West then in said house feloniously and burglariously to take and carry away. Whar. Prec. Indict. (2 Ed.), sec. 367, 248.

The judgment is reversed, verdict is set aside, the indictment s quashed, and the defendant is held to answer such bill as may be found against him.

*Reversed and remanded.*