## Seaborn McCearley v. State of Mississippi.

### [52 South. 796.]

1. CRIMINAL LAW AND PROCEDURE. *Burglary. Indictment. Omission of "did."*

    An indictment for burglary charging that defendant the storehouse of another unlawfully, wilfully, feloniously and burglariously break and enter with felonious intent, etc., is fatally, defective because of the omission of the word "did" next before the words "break and enter."

2. SAME. *Newly discovered evidence.*

    Case examined and conclusion reached that a new trial should have been granted because of newly discovered evidence.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

McCearley, appellant, was indicted and tried for and convicted of burglary and appealed to the supreme court.　The indictment did not use the word "did" in charging the crime; the charge was that defendant "in said county, on the 7th day of March, A. D. 1910, the storehouse of C. Atkinson & Son, a corporation, then and there unlawfully, wilfully, feloniously and burglariously (omission here) break and enter," etc.

*Cassedy & Butler,* for appellant.

The indictment in this case, in so far as it purports to charge a burglary, is absolutely void, because of the omission of the auxiliary "did." And it has been twice so decided in this court. *Cook v. State,* 72 Miss. 517; *Hall v. State,* 44 South. 510.

If we supply the word "did" so that the charge shall read "did break and enter" we make a valid charge of burglary. But why not infer that the words omitted are "did attempt" and thus perfect a charge for attempted burglary, or "did not" and thus show conclusively and beyond peradventure the indictment invalid.

This omission is fatal to this indictment, and it matters not that the point is raised here for the first time. The omission goes to the very essence of the offense.

*Carl Fox,* assistant attorney-general, for appellee.

It is claimed that the indictment is, and was, a nullity because the auxiliary verb "did" was omitted in that part of the indictment in which it was attempted to charge a felonious breaking and entering. Counsel for appellant cite two cases which, they claim correctly, sustain their contention that this omission invalidates the indictment, namely, *Cook v. State,* 72 Miss. 517; *Hall v. State,* 44 South. 810. This omission has all the weighty effect that the failure to dot an "i" or to cross a "t" would have. I sincerely hope, however, that the court, in this case will lay down the rule that such an omission does not invalidate the indictment, for the simple reason that it is beyond the power of any reasonable man to imagine that any defendant accused of any crime could be prejudiced by such a trivial error. With all deference to the learned judge who delivered the opinion in the *Cook case, supra,* his reasoning is utterly without force, and is based upon an assumption which is utterly without foundation in fact. He says on page 519: "The statute (Code 1906,.

§ 1426) was not intended, and could not have intended, to rob any citizen accused of a felony of his right to have the nature and cause of the accusation preferred against him clearly and fully stated, and any abridgment of the right to be thus informed in any substantial particular would be unconstitutional. And that is the very point made by appellant's counsel here.

If instead of the words "break and enter" in the indictment, we insert the words "broke and entered," we have corrected the alleged defect in the indictment. "Broke and entered" is the past tense of "break and enter," the present tense. "Broke and entered" is the equivalent of "did break and enter." After a very careful and studious consideration of this question we are absolutely unable to see how it can be argued for one moment that it was more than a merely formal error.

Argued orally by *George Butler,* for appellant.

WHITFIELD, C.

The court manifestly erred in not sustaining the motion for a new trial on the ground of newly discovered evidence. The conviction was based solely upon the testimony of an accomplice and confessed thief, and the case on its facts is a very doubtful one. In this close case the defendant made a perfectly ample case on his showing for a new trial, based on the newly discovered evidence.

Another fatal error is that urged in the assignment that the indictment charged no offense plainly and precisely, as it ought to do in order to inform the appellant of the nature and cause of the accusation against him, because of the omission of the word "did." This precise point has been twice adjudged in this state on full consideration in the cases of *Cook v. State,* 72 Miss. 517, 17 South. 228, and *Hall v. State,* 44 South. 810. In the *Cook case,* the question was elaborately gone into, and

the opinion is supported by many citations from other states. We are constrained, under the authorities of these two cases, to hold this assignment well taken.

PER CURIAM.   The above opinion is adopted as the opinion of the court; and for the reasons therein stated, the judgment of the court below is reversed, the indictment quashed, and the prisoner will be held to answer such proper indictment as the grand jury may prefer against him.

*Reversed.*