TAYLOR *v.* STATE.

May 12, 1952.

No. 38540 (58 So. (2d) 664)

**Stone & Stone,** for appellant.

**Geo. H. Ethridge,** Assistant Attorney General, for appellee.

## Alexander, J.

The defendant was indicted, tried and convicted in the Circuit Court of the Second Judicial District of Yalobusha County for the crime of burglary, and was sentenced to imprisonment in the state penitentiary for a term of three years.

The indictment charged that the defendant "did wilfully, unlawfully, feloniously and burglariously did break and enter a store building in the City of Water Valley, in said county and district, owned by W. W. Turnage and occupied at the time by J. A. Cooper, in which goods, wares, and merchandise were usually kept for sale, and did then and there wilfully, unlawfully, feloniously and burglariously take, steal and carry away" certain personal property, including watches and other jewelry therein described, "and being the personal property then and there of J. A. Cooper."

Only two points are argued on this appeal: (1) That there was a variance between the allegation of the indictment and the proof as to the ownership of the store building which was burglarized; and (2) that the indictment is fatally defective, in that it failed to allege that the breaking and entering was done with the intent to steal.

The indictment alleged that the store building was owned by W. W. Turnage and was occupied at the time of the burglary by J. A. Cooper. J. A. Cooper testified

that Mrs. W. W. Turnage owned the building at the time of the trial. Cooper stated that he did not know exactly when Mrs. Turnage acquired title to the property from her husband. We do not think that this variance between the allegation of the indictment and the proof as to the ownership of the store building is of any importance or constitutes sufficient cause for the reversal of the judgment of the lower court. This Court has held in several cases that ██ in an indictment for burglary the allegations as to the ownership of the title to the building constitute surplusage, and, insofar as the burglary is concerned, the occupant of the building at the time of the burglary is the owner, and no such particularization of description of the title to the building is required. Clinton v. State, 163 Miss. 435, 142 So. 17; Davis v. State, 173 Miss. 783, 163 So. 391.

 ██ The indictment in this case alleged that the store building was occupied at the time of the burglary by J. A. Cooper. The proof showed that Cooper was the tenant in possession of the property and that the merchandise stolen was the personal property of Cooper. That was sufficient proof of the ownership of the property. Whether Cooper's landlord was W. W. Turnage or his wife was immaterial.

The objection to the indictment on the ground that the indictment failed to allege an intent to steal presents a more serious question, and in our opinion ██ the omission of an allegation of intent to steal constitutes a fatal defect in the indictment.

The indictment is clearly intended to charge the crime of burglary as defined in Section 2043, Code of 1942, which reads as follows: ''Burglary—elsewhere than in dwelling house.—Every person who shall be convicted of breaking and entering, in the day or night, any shop, store, booth, tent, warehouse, or other building or private room or office therein, ship, steamboat, flatboat, or railroad car, in which any goods, merchandise, or valuable thing shall be kept for use, sale, deposit, or transporta-

tion, with intent to steal therein, or to commit any felony, or who shall be convicted of breaking and entering, in the day or night time, any building within the curtilage of a dwelling house, not jointed to, immediately connected with, or forming a part thereof, shall be guilty of burglary, and imprisoned in the penitentiary not more than seven years."

In the early case of Morman v. State, 24 Miss. 54, this Court said: "It has been uniformly holden, that ██ ██ where the evil intent accompanying an act is necessary to constitute such act a crime, the intent must be alleged in the indictment, and proved; and the intent with which the act was done, must be proved to be the same with that charged."

In the case of Jones v. State, 11 Smedes & M. 315, the Court held that in an indictment under the statute (Howard & Hutchins, 698, par. 33) for an assault with intent to kill, the accused must be charged with having made an assault on a certain person, with intent to kill that person, and in default of such allegation in the indictment, the judgment should be arrested, and the proceedings of the lower court set aside, and the accused held to answer a new indictment.

In the case of Draughn v. State, 76 Miss. 574, 25 So. 875, this Court said: "The crime of burglary consists of two essential elements, viz.: (1) The burglarious breaking and entering of the house, and (2) the felonious intent to commit some crime therein. Both elements must be laid in the indictment, and both must be proved as laid."

In the case of Droughn v. State, 76 Miss. 574, 25 So. 153, the Court held that an indictment which simply charged the defendant with breaking and entering a dwelling house "with intent to commit the crime of larceny therein" was bad. In that case the Court said: "The indictment is bad in not alleging that Draughn broke and entered the house of West, with intent the goods and chattels of West, then in said house, felonious-

ly and burglariously to take and carry away. Whart. [Prec.] Ind. (2d Ed.), § 367, p. 248.''

In the case of Herron v. State, 118 Miss. 420, 79 So. 289, the Court held that an indictment under Chapter 120, Laws of 1916, for obtaining money on a check knowing that the drawer at the time of making the check did not have sufficient funds in or credit with the bank for the payment of the check, was fatally defective in that it failed to allege that the accused intended to defraud the party who cashed the check, an intent to defraud being an essential element of the crime. The Court held in that case that the omitted allegation was of the essence of the offense attempted to be charged, and that the omission of the allegation of intent to defraud was not waived by the appellant's failure to demur to the indictment.

The appellant in this case did not challenge the sufficiency of the indictment by demurrer. But ▮▮ ▮ since the intent to steal was an essential element of the crime the appellant's failure to demur to the indictment did not constitute a waiver of his right to raise the question on his motion for a new trial and on appeal. Cook v. State, 72 Miss. 517, 17 So. 228; Taylor v. State, 74 Miss. 544, 21 So. 129; Herron v. State, supra; McCearley v. State, 97 Miss. 556, 52 So. 796; Crosby v. State, 191 Miss. 173, 2 So. (2d) 813.

Because of the above-mentioned defect in the indictment the judgment of the lower court is reversed, the verdict of the jury set aside and the indictment is quashed, and the cause is remanded, and the defendant is held to answer any indictment that may be returned against him by the grand jury.

Reversed, indictment quashed and cause remanded; and appellant held to await the action of the grand jury.

**McGehee, C. J.**, and **Lee, Kyle,** and **Ethridge, JJ.**, concur.