350 So.2d 52 (1977)
In the Interest of Niles Dwain EVANS, minor.
No. 49939.
Supreme Court of Mississippi.
September 21, 1977.
*53 Leon Johnson, West Point, for appellant.
A.F. Summer, Atty. Gen., by Wayne Snuggs, Special Asst. Atty. Gen., Jackson, for appellee.
Before INZER, ROBERTSON and BOWLING, JJ.
ROBERTSON, Justice, for the Court:
The Chancery Court of Choctaw County, acting as the Youth Court, after a full hearing at which Niles Dwain Evans, a 16-year-old minor; his parents, Niles William Evans and Mrs. Agnes Stevens Evans; and Leon Johnson, Attorney for Dwain Evans, were present, found and adjudicated on June 25, 1976, that Niles Dwain Evans was a delinquent child under paragraph (g) of Mississippi Code Annotated section 43-21-5 (Supp. 1976).
The court further found:
"[T]hat disposition of this child's custody and/or commitment should be postponed until such time as said child can undergo psychological and psychiatric examinations and evaluation by the proper facilities and the results thereof furnished this Court."
On August 30, 1976, the Youth Court entered an "Order Placing Child on Probation" which order, among other things, provided:
"The Court is now in receipt of such evaluation and the reports incidental thereto. At the aforesaid hearing this Court advised counsel for the above named child that he would be given an additional opportunity to present evidence at the disposition hearing after the psychiatric examination was completed and the report submitted. Counsel for said youth has now advised the Court that he does not desire to present any further evidence. Therefore, the Court finds that there is no reason for an additional hearing, and the Court is now in a position to make disposition with the aid of the evidence presented at the adjudication hearing combined with the reports which the Court has received from the youth court counselor, from the psychologist and psychiatrist.
"Based upon the evidence adduced upon the trial of this cause and on the above mentioned data available to the Court concerning this juvenile, it is the opinion of the Court that said child, Niles *54 Dwain Evans, should be committed to the Oakley Training School, with the sentence suspended subject to certain probationary conditions for his behavior and guidance, the period of his probation to be until July 1, 1977 unless for good cause the Court should find that the same should be extended.
"The Court further finds that during the term of his probation, said child should be required to report periodically to the youth court counselor for progress reports; that a curfew, attendance at school should be imposed, and that in addition, in view of the data involving this youth, all members of his family should participate in guidance counseling through the mental health center serving Choctaw County for such period of time and under such terms and conditions as the personnel of such mental health center should recommend for the benefit of this minor and his family."
The assignments of error are that the court erred:
(1) In committing appellant because the petition was insufficient;
(2) In overruling appellant's motion to strike the petition because the petition was not authorized to be filed by the Youth Court judge;
(3) In overruling appellant's motion to strike the petition because ownership of the A.W. Cagle house was not proved;
(4) In overruling appellant's motion to strike the petition charging burglary, because the proof was insufficient to sustain the charge; and
(5) In ordering all members of appellant's family to participate in guidance counseling through the Mental Health Center serving Choctaw County.
The appellant contends that the petition does not adequately charge the essential elements of the crime of larceny. The petition does set forth all the essential elements of the crime of burglary and that was the main charge against the minor. It did include this language:
"with the wilful, unlawful and felonious intent to take, steal and carry away the personal property of said owners of said homes found therein, ... ."
This language was sufficient, under the rule announced in Newburn v. State, 205 So.2d 260 (Miss. 1967).
On the question raised in the second assignment of error, the Youth Court had ruled:
"The Statute referred to [sec. 43-121-11 (43-21-11)] does not provide the form for the authorization from the Court. The policy in this District is to require all law officers to contact the Court before a child is incarcerated. This Court directed that this child not be incarcerated. The Court was advised that he had allegedly committed some acts of burglary and the Court verbally authorized the County Attorney to file a petition involving this child on the allegations that he had allegedly committed acts of burglary. I am of the opinion that that is all that is required. There is no formality. At some point you have to initiate and you simply must obtain permission of the Court to initiate it." [Emphasis added].
We think that this oral authorization was sufficient.
As to the third assignment of error, the proof showed that Deborah Cagle, the 15-year-old daughter of A.W. Cagle, was at home at the time of the appellant's forceful entry, and when she saw appellant she asked him "what are you doing in my house?"
This Court said in Taylor v. State, 214 Miss. 263, 58 So.2d 664 (1952):
"This Court has held in several cases that in an indictment for burglary the allegations as to the ownership of the title to the building constitute surplusage, and, insofar as the burglary is concerned, the occupant of the building at the time of the burglary is the owner, and no such particularization of description of the title to the building is required." 214 Miss. at 266, 58 So.2d at 665.
The Youth Court was correct in overruling appellant's motion to strike.
*55 Assignment of error number 4 is without merit because the proof was sufficient to sustain the charge of burglary of at least two of the four homes charged in the petition.
For the welfare of the child adjudged delinquent, the Youth Court does have the authority to require the parents of the delinquent youth to participate in guidance counseling as it did in the case at bar. Mississippi Code Annotated section 43-21-25 (1972) provides:
"In all cases where the child is found to be a neglected or delinquent or battered child, as defined in this chapter, the parent or parents, or guardian, or person or persons having the custody of such child, or any other person, who, by any act or acts of wilful commission or omission, is found by the court to be encouraging, causing or contributing to the neglect or delinquency or battering of such child, may be required by the court to do or omit to do any act or acts which the judge may deem reasonable and necessary for the welfare of such child."
The youth court did provide competent counsel for the youth, Niles Dwain Evans, and it was not necessary nor required that the youth court provide counsel for the parents of Dwain Evans. See Miss. Code Ann. sec. 43-21-17 (Supp. 1976).
The order of the Youth Court is, therefore, affirmed.
AFFIRMED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.