# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-00603-COA

SAMMIE SMITH A/K/A SAMMIE D. SMITH                    APPELLANT

v.

STATE OF MISSISSIPPI                                  APPELLEE

DATE OF JUDGMENT:            12/11/2012
TRIAL JUDGE:                HON. CHARLES E. WEBSTER
COURT FROM WHICH APPEALED:  BOLIVAR COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     OFFICE OF STATE PUBLIC DEFENDER
                            BY: MOLLIE MARIE MCMILLIN
ATTORNEY FOR APPELLEE:      OFFICE OF THE ATTORNEY GENERAL
                            BY: LAURA HOGAN TEDDER
DISTRICT ATTORNEY:          BRENDA FAY MITCHELL
NATURE OF THE CASE:         CRIMINAL - FELONY
TRIAL COURT DISPOSITION:    CONVICTED OF BURGLARY OF A
                            DWELLING AND SENTENCED TO TEN
                            YEARS IN THE CUSTODY OF MISSISSIPPI
                            DEPARTMENT OF CORRECTIONS,
                            FOLLOWED BY FIVE YEARS OF POST-
                            RELEASE SUPERVISION
DISPOSITION:                AFFIRMED: 10/28/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., FAIR AND JAMES, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     On September 25, 2012, Sammie Smith was indicted for burglary of a dwelling. The

indictment alleged he broke and entered a dwelling with intent to commit larceny.  Smith was

found guilty and sentenced to serve ten years in the custody of the Mississippi Department

of Corrections, followed by five years of post-release supervision.  Smith's motion for a new

trial was denied.

¶2.    The Office of State Public Defender filed a brief on behalf of Smith, arguing that: (1) the court erred in denying Smith's proposed jury instructions for a lesser nonincluded offense; and (2) the court erred in denying Smith's motion for a new trial. Smith subsequently filed a pro se brief, challenging the sufficiency of the indictment. Finding no error, we affirm.

**FACTS**

¶3.    On the night of November 11, 2011, Jeremy Williams's home was burglarized. The burglar broke Williams's bedroom window and took several items, including his laptop computer. The day after the burglary, Williams went to the Shaw Police Department and filed a report, naming Smith as the burglar.

¶4.    At trial, Williams, neighbor Dacorious Clark, and Officer Levi Ford testified for the prosecution. Williams testified that he saw Smith running away from his house on the night of the burglary, sometime around 12 a.m. Clark testified that on November 11, Smith showed up at his house after midnight with a computer tucked into his pants. According to Clark, Smith offered to sell him the computer. Clark declined the offer, but Smith asked him to hold onto the computer anyway, which he did. Clark knew the computer belonged to Williams after he opened the computer and saw the login information — Clark returned the computer to Williams a week later.

¶5.    Smith was the sole witness for the defense. He testified that he was at a football game the night of the burglary and later ran into his cousin, who had a computer with him. Smith

2

stated that he bought the computer for a "quarter bag" of marijuana and then traded it to Clark for $60 worth of cocaine. Additional relevant facts will be discussed below.

## DISCUSSION

### 1. Jury Instructions

¶6. Jury instructions are reviewed for abuse of discretion. *Bailey v. State*, 78 So. 3d 308, 315 (¶20) (Miss. 2012). All instructions should be read together as a whole, and "fairly state the law of the case and create no injustice" to avoid reversible error. *Id.*

¶7. Smith's theory of defense was that he received the computer as stolen property. Smith claims the crime of receiving stolen property is a lesser nonincluded offense of burglary. "An accused is entitled to a lesser-offense instruction only where there is an evidentiary basis in the record." *Thomas v. State*, 48 So. 3d 460, 472 (¶28) (Miss. 2010) (citation omitted). "[A] lesser non-included offense applies where there is evidentiary support that a defendant is guilty of a lesser charge arising from the same nucleus of operative facts." *Id*. at (¶30) (citing *Green v. State,* 884 So. 2d 733, 737 (Miss. 2004)). The standard of review for lesser-included-offense and lesser-nonincluded-offense instructions is the same. *Dampier v. State*, 973 So. 2d 221, 231 (¶28) (Miss. 2008).

¶8. To be convicted of receiving stolen property, a person must "intentionally possess[], receive[], retain[,] or dispose[] of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is possessed, received, retained or disposed of with intent to restore it to the owner." Miss. Code Ann. § 97-17-70(1) (Rev. 2014).

3

¶9. Smith submitted two jury instructions in asserting his defense. Instruction D-1 set out the elements necessary to convict Smith of the misdemeanor of receiving stolen property, valuing the computer at less than $500. *See* Miss. Code Ann. § 97-17-70(7) (Rev. 2014). Instruction D-3 explained both the misdemeanor and felony of receiving stolen property and also included an option for the jury to find Smith not guilty of receiving stolen property. The court refused both instructions, stating that, because neither side presented evidence of the computer's value, the jury would be unable to determine whether the elements of the crime were met.

¶10. We find this case analogous to *Thomas,* 48 So. 3d 460. In *Thomas*, the defendant was indicted for fourth-degree arson for setting fire to a jail cell. *Id*. at 465 (¶1). The court denied the defendant's request for jury instructions on the lesser nonincluded offenses of malicious mischief and vandalism. *Id*. at 469 (¶22). On appeal, our supreme court affirmed the trial court's decision, reasoning:

> [T]he felony crime of arson in the fourth degree has no element of value, whereas both the felony and misdemeanor crimes of malicious mischief and vandalism have value as an element. No evidence was presented at trial concerning the value of the destroyed items or repairs. This Court has held that a trial judge may refuse instructions where they are without proper foundation in the evidence of the case.

*Id*. at 474 (¶36) (citation omitted). Here, the indicted crime of burglary of a dwelling has no element of value. *See* Miss. Code Ann. § 97-17-23 (Rev. 2014). And like malicious mischief and vandalism*,* receipt of stolen property requires proof of monetary value. *See* Miss. Code Ann. § 97-17-70.

4

¶11.   Smith argues that his testimony provided the jury with a "minimum quantifiable value" of the computer, from which the jury could infer its value.  We disagree.  Smith testified that he bought the computer from another individual by using marijuana as payment and traded the computer for $60 worth of cocaine.  No monetary value was specifically alleged for the computer.

¶12.   Smith was entitled to a jury instruction on his theory of the case as long as the foundation for the jury instruction is supported by the evidence.  *See Williams v. State,* 797 So. 2d 372, 378-379 (¶¶20-24) (Miss. Ct. App. 2001).  But since no evidence of the monetary value of the computer was presented, the proper foundation was not laid.  Therefore, we find that the court did not err in refusing Smith's proposed jury instructions.

### 2.  Weight of the Evidence

¶13.   "A motion for a new trial falls within a lower standard of review than does that of a judgment notwithstanding the verdict or a directed verdict.  A motion for a new trial simply challenges the weight of the evidence."  *Sheffield v. State,* 749 So. 2d 123, 127 (¶16) (Miss. 1999).  And as an appellate court, we "will reverse the lower court's denial of a motion for a new trial only if, by doing so, the court abused its discretion."  *Id.*  "When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice."  *Bush v. State,* 895 So. 2d 836,  844 (¶8) (Miss. 2005) (citation omitted).  The jury is responsible for evaluating the credibility of witnesses. *Johnson v. State,* 642 So. 2d 924, 927 (Miss. 1994).  "In a criminal

prosecution, the jury may accept the testimony of some witnesses and reject that of others, and may accept in part and reject in part the testimony of any witnesses, or may believe part of the evidence on behalf of the [S]tate and part of that for the accused . . . ." *Groseclose v. State*, 440 So. 2d 297, 300-01 (Miss. 1983) (citations omitted).

¶14. The jury heard testimony from Williams, Clark, Officer Ford, and Smith. Williams testified he saw Smith fleeing his home on the night of the burglary; Clark testified that Smith came to his house that same night with a computer and offered to sell it. The jury's guilty verdict reflects that it found these witnesses credible. The jury clearly did not find Smith's testimony credible. Viewed in the light most favorable to the verdict, we cannot say that the evidence weighs heavily against the jury's decision to find Smith guilty of burglary of a dwelling. Therefore, this argument is without merit.

### 3. Sufficiency of Indictment

¶15. The legal sufficiency of an indictment is an issue of law and therefore requires this court to conduct a de novo review. *Young v. State,* 119 So. 3d 309, 313 (¶10) (Miss. 2013).

¶16. In order for an indictment to be sufficient, "it must contain the essential elements of the crime charged." *Tran v. State*, 962 So. 2d 1237, 1241 (¶16) (Miss. 2007) (citation omitted). This ensures that "criminal defendants have a fair and adequate opportunity to prepare for and defend against the charges brought against them . . . ." *Id*.

¶17. Smith's indictment stated that he did "unlawfully, willfully, and feloniously break and enter the dwelling house of Jeremy Williams . . . with the intent to commit the crime of larceny . . . ." Smith claims that the omission of the term "burglarious" renders the

6

indictment insufficient. We disagree. The crime of burglary of a dwelling has two elements: "(1) the unlawful breaking and entering; and (2) the intent to commit some crime when entry is attained." *Parker v. State*, 962 So. 2d 25, 27 (¶9) (Miss. 2007). Smith's indictment included the essential elements of burglary. Therefore, this argument has no merit.

¶18. **THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, FOLLOWED BY FIVE YEARS OF POST-RELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.**