# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-00914-COA

SHALONDA NIKKIA VALE A/K/A SHALONDA        APPELLANT
N. VALE A/K/A SHALONDA VALE A/K/A
SHALONDRA NIKKIA VALE A/K/A
SHALONDRA VALE

v.

STATE OF MISSISSIPPI        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/27/2016 |
| TRIAL JUDGE: | HON. DAL WILLIAMSON |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: JUSTIN TAYLOR COOK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| DISTRICT ATTORNEY: | ANTHONY J. BUCKLEY |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND RENDERED - 08/29/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WESTBROOKS, J., FOR THE COURT:**

¶1. Shalonda Vale and Kawaskei Bender[1] were charged as codefendants with burglary of a dwelling. After Vale's jury trial in the Circuit Court of Jones County, she was sentenced to twenty-one years in the custody of the Mississippi Department of Corrections (MDOC), with seventeen years to serve, and the remaining four years suspended for postrelease

---

[1] Bender's first name is also spelled "Kawaski" in the record. At the time of Vale's trial, Bender was incarcerated and awaiting trial.

supervision (PRS). Vale filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial, which was denied. Vale appeals, raising two issues:

    I.      **Whether the indictment was fatally defective; and**

    II.      **Whether the indictment was constructively amended by jury instruction S-1.**

After review of the record, we find Vale's indictment neglected to allege an essential element of the crime of burglary of a dwelling under Mississippi law. Accordingly, we reverse the judgment of the circuit court and render a dismissal of the indictment.

## FACTS AND PROCEDURAL HISTORY

¶2. After arriving home from work, Carolyn Mulloy observed dust by her apartment door. Inside her apartment, Mulloy noticed a white envelope of coins and other valuables were missing. Mulloy filed a police report with the Laurel Police Department, and an officer advised her to check the local pawn shops to see if any of the shops were in possession of her missing items.

¶3. An employee at "The Gold Shop" notified Mulloy that a bag of jewelry and several other items had been sold to the shop. Mulloy testified the shop had several items of jewelry she did not even realize were missing. These items included a wedding-ring set, earrings, and various gold rings. The shop employee also noted that a high-school class ring and a University of Massachusetts class ring had already been sent to be melted down. The Gold Shop provided Mulloy with the names of two individuals responsible for selling the jewelry. Mulloy recognized the names of Vale and Bender, because the individuals lived together above her in the same apartment complex.

¶4.     Mulloy submitted both Vale and Bender's names to Brandon Evans, an investigator with the Laurel Police Department. Shortly thereafter, Vale was arrested at her home. After waiving her right to an attorney, Vale confessed on videotape to burglarizing Mulloy's apartment. Vale confessed that she broke the lock on Mulloy's apartment door with a fingernail file and took the jewelry from Mulloy's night stand. Vale also confessed that she took coins in a white envelope from Mulloy's apartment. Vale told Detective Evans where all the items were located in Mulloy's home at the time she broke in, and that Bender was not with her during the time of the burglary.

¶5.     However, at trial, she vehemently denied burglarizing Mulloy's home. Vale testified she confessed to the burglary because Bender stated he could not "take another charge." She testified Bender gave her the items of jewelry and said they belonged to his grandmother. Vale stated she took the jewelry to The Gold Shop, along with Bender's identification, and sold the items for cash.

¶6.     Also at trial, Bender testified he broke into Mulloy's apartment alone, gave the stolen items to Vale, and asked her to find out whether the jewelry was real to possibly sell for cash. Bender stated he told Vale the jewelry belonged to his grandmother. Bender testified that Vale likely made up the story about her burglarizing Mulloy's apartment, because he would face life in jail for a conviction of burglary.[2]

¶7.     A jury found Vale guilty of burglary of a dwelling. She was sentenced to twenty-one years in the custody of the Mississippi Department of Corrections, with seventeen years to

_____

[2] At the time of the trial, Bender testified he had been charged with conspiracy, possession of marijuana, and possession of synthetic marijuana in Green County. He also testified he had two drug charges and the burglary charge, with Vale, in Jones County.

serve, and with four years suspended, based upon the successful completion of four years of PRS. Vale filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. The motion was denied. Vale timely appeals.

## STANDARD OF REVIEW

¶8. "The issue of whether an indictment is fatally defective is an issue of law and deserves a relatively broad standard of review by this Court." *Snowden v. State*, 131 So. 3d 1251, 1255 (¶11) (Miss. Ct. App. 2014). "As the issue involves a question of law, this Court applies a de novo standard of review." *Id*. (internal citation omitted).

## DISCUSSION

### I. Whether the indictment was fatally defective.

¶9. The Mississippi Supreme Court has held that "where a deficiency appearing in an indictment is non-jurisdictional, it may not be raised for the first time on direct appeal absent a showing of cause and actual prejudice." *Brown v. State*, 37 So. 3d 1205, 1209 (¶9) (Miss. Ct. App. 2009). However, "[the] courts have identified two instances where deficiencies are deemed jurisdictional: where the indictment fails to charge a necessary element of a crime, and where there exists no subject matter jurisdiction." *Id*. at 1209-10 (¶9) (citation and quotation marks omitted).

¶10. Vale did not object to the indictment before or during trial; however, the supreme court has previously held that "since the intent to steal was an essential element of the crime[,] the appellant's failure to demur to the indictment did not constitute a waiver of [the] right to raise the question on [a] motion for a new trial and on appeal." *Taylor v. State*, 214

4

Miss. 263, 268, 58 So. 2d 664, 666 (1952) (citations omitted).

¶11.    The indictment against Vale states:

> [I]n said County, District, and State, on or about the 27th day of April, 2015, A.D., [Vale] did then and there unlawfully, feloniously, and burglarious break into and enter the dwelling house of Carolyn Mulloy located at [address redacted], Laurel, MS, wherein valuable things were kept for use, and *did carry away jewelry*:
>
> in violation of Section 97-17-23, Mississippi Code of 1972, and contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Mississippi.

Mississippi Code Annotated section 97-17-23(1) (Rev. 2014) reads as follows:

> Every person who shall be convicted of breaking and entering the dwelling house or inner door of such dwelling house of another, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, *with intent to commit some crime therein*, shall be punished by commitment to the custody of the Department of Corrections for not less than three (3) years nor more than twenty-five (25) years.

(Emphasis added).

¶12.    Vale argues her indictment was defective, because it failed to set forth the element of "intent to commit a crime" inside Mulloy's dwelling. "Numerous Mississippi cases have held that the failure to include an essential element of the crime in the indictment is a jurisdictional defect that cannot be cured with extrinsic proof." *Patton v. State*, 34 So. 3d 563, 573 (¶33) (Miss. 2010) (Kitchens, J., specially concurring) (citations omitted). "Thus, the indictment's failure to charge an essential element of the crime, value, violates fundamental federal and state constitutional rights and requires automatic reversal." *Id*. at 573-74 (¶33). We agree.

5

¶13. Vale's indictment failed to include the element "with intent to commit some crime therein." The words "wherein valuable things were kept for use, and did carry away jewelry" do not equate to the statutory element needed to indict Vale on the charge of burglary of a dwelling. "It has been uniformly holden, that where the evil intent accompanying an act is necessary to constitute such act a crime, the intent must be alleged in the indictment, and proved; and the intent with which the act was done, must be proved to be the same with that charged." *Taylor*, 214 Miss. at 267, 58 So. 2d at 665. In *Taylor,* the supreme court reversed a conviction and quashed an indictment, because the indictment failed to allege an "intent to steal." *Id*. at 267-68, 58 So. 2d at 664-66.

¶14. "An indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense." *Spearman v. State*, 80 So. 3d 116, 119 (¶12) (Miss. Ct. App. 2011) (citations omitted).

¶15. "The supreme court has repeatedly held that indictments based on statutory offenses are void if they do not charge all essential elements of the statutory crime." *Gales v. State*, 131 So. 3d 1238, 1240 (¶10) (Miss. Ct. App. 2013) (citing *Spears v. State*, 253 Miss. 108, 116, 175 So. 2d 158, 161-62 (1965)). Accordingly, we find Vale's indictment failed to charge her with a crime under Mississippi law. This constitutional error requires dismissal of the indictment and reversal of Vale's burglary conviction.

II. **Whether the indictment was constructively amended.**

¶16. Vale argues that her indictment was constructively amended due to the variance in the

indictment and jury instruction S-1. "Not all variances between the indictment and instructions constitute a constructive amendment." *Graham v. State*, 185 So. 3d 992, 1001 (¶25) (Miss. 2016) (citing *Bell v. State*, 725 So. 2d 836, 855 (¶61) (Miss. 1998)). "The central question [a] [c]ourt must ask when reviewing an alleged constructive amendment is whether the variance is such as to substantially alter the elements of proof necessary for a conviction." *Id*. (quotation marks omitted). "As long as the change does not materially alter facts which are the essence of the offense on the fac[e] of the indictment as it originally stood or materially alter a defense to the indictment as it originally stood in a way that would prejudice the defendant's case, then the amendment is permissible." *Id*. at 1001-02 (¶25). (quotation marks omitted).

¶17. "All objections to an indictment for a defect appearing on the face thereof, shall be taken by demurrer to the indictment, and not otherwise, before the issuance of the venire facias in capital cases, and before the jury shall be impaneled in all other cases, and not afterward . . . . " *Brown*, 37 So. 3d at 1209 (¶9); *see also* Miss. Code Ann. § 99-7-21 (Rev. 2015). "Further, the . . . [s]upreme [c]ourt has held that where a deficiency appearing in an indictment is non-jurisdictional, it may not be raised for the first time on direct appeal absent a showing of cause and actual prejudice." *Id.* (quoting *Baker v. State*, 930 So. 2d 399, 404-05 (¶9) (Miss. Ct. App. 2005)) (quotation marks omitted).

¶18. Jury instruction S-1 reads in part:

> SHALONDA NIKKIA VALE, has been charged with the offense of burglary of a dwelling.

> If you find from the evidence in this case beyond a reasonable doubt

that:

1.    On or about the 27th day of April, 2015, in the Second Judicial District of Jones County, Mississippi;

2.    Shalonda Nikkia Vale did unlawfully break and enter;

3.    The dwelling house of Carolyn Mulloy located at [address redacted], Laurel, Mississippi;

4.    With the *intent to commit to steal valuable things once inside*;

then you shall find the defendant, Shalonda Nikkia Vale, guilty of Burglary of a Dwelling.

(Emphasis added).

¶19.    Notwithstanding the procedural bar, we find Vale's indictment was constructively altered by the jury instruction, because it contained the element "with the intent to commit to steal valuable things once inside," which was not charged in her indictment. Accordingly, this Court finds that Vale's indictment failed to charge her with a crime under Mississippi law, and we reverse her conviction and render a dismissal of the indictment.

¶20.    **REVERSED AND RENDERED.**

**IRVING, P.J., BARNES, AND ISHEE, JJ., CONCUR.   FAIR AND WILSON, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. LEE, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J., CARLTON AND GREENLEE, JJ.**

**LEE, C.J., DISSENTING:**

¶21.    I disagree with the majority's opinion that Vale's indictment was fatally defective for failure to use the word "intent." The indictment substantially described the offense and fully informed Vale that she was charged with burglary in violation of Mississippi Code Annotated

8

section 97-17-23 (Rev. 2014)—which expressly contains the element of intent. Therefore, the element of intent was set forth in Vale's indictment. Thus, I respectfully dissent.

¶22. Mississippi law provides that an indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation." *Williams v. State*, 169 So. 3d 932, 935 (¶9) (Miss. Ct. App. 2014). "The primary purpose of an indictment is to give a defendant fair notice of the crime charged." *Id*.

¶23. Burglary of a dwelling, as codified in section 97-17-23, contains two essential elements: "(1) the unlawful breaking and entering; and (2) the intent to commit some crime when entry is attained." *Smith v. State*, 150 So. 3d 122, 126 (¶17) (Miss. Ct. App. 2014) (quoting *Parker v. State*, 962 So. 2d 25, 27 (¶9) (Miss. 2007)). Vale's indictment stated that she did "unlawfully, feloniously, and burglarious[ly] break into and enter the dwelling house . . . wherein valuable things were kept for use, and did carry away jewelry; in violation of Section 97-17-23 . . . ."

¶24. While Vale's indictment did not directly use the word "intent," it did, however, specifically charge Vale with "carry[ing] away jewelry . . . in violation of section 97-17-23 . . . ." As section 97-17-23 specifies that the crime of burglary includes "intent to commit some crime therein," Vale's indictment, which charged her with violation of section 97-17-23, gave her fair notice of the crime charged, including the element of intent by reference to the statute. Additionally, the indictment specified the actual underlying crime Vale was accused of committing—stealing jewelry. Our courts have noted that the element of intent

9

is "an emotional operation of the mind, and is usually shown by acts and declarations of the defendant . . . . A defendant's intention is manifested largely by the things [s]he does." *White v. State*, 195 So. 3d 801, 805 (¶14) (Miss. Ct. App. 2015) (quoting *Dixon v. State*, 240 So. 2d 289, 290 (Miss. 1970)). As such, the indictment fully notified Vale of the crime she was charged with committing—burglary of a dwelling—as well as the specific underlying crime she intended to and did commit.

¶25. "The ultimate test, when considering the validity of an indictment on appeal, is whether the defendant was prejudiced in the preparation of h[er] defense." *Warren v. State*, 187 So. 3d 616, 621-22 (¶10) (Miss. 2016) (quoting *Medina v. State*, 688 So. 2d 727, 730 (Miss. 1996)). In the instant case, Vale was not in any way prejudiced in the preparation of her defense. Vale did not, at any point before or during her trial, object to the indictment. Vale did not raise the issue in her posttrial motion for a judgment notwithstanding the verdict or a new trial. And Vale's defense did not center on an argument regarding intent. Rather, Vale's defense was that she did not break and enter the dwelling or steal the jewelry at all—that she was not present during the commission of the crime, despite having previously confessed to the crime. Moreover, Vale cannot state on appeal that her defense was prejudiced in that she did not know she was charged with the element of intent. The record clearly shows that the jury instructions proposed by Vale's defense required the jury to find that Vale had broken and entered the dwelling of another "with intent to commit to steal valuable things once inside." As such, it is clear Vale had full knowledge that the crime with which she was charged contained the element of intent.

¶26.  "The Mississippi Supreme Court has stated, 'so long as a fair reading of the indictment, taken as a whole, clearly describes the nature and cause of the charge against the accused, the indictment is legally sufficient.'" *Martin v. State*, 65 So. 3d 882, 884 (¶7) (Miss. Ct. App. 2011) (quoting *Sanderson v. State*, 883 So. 2d 558, 561 (¶9) (Miss. 2004)). With regard to intent, Vale's indictment expressly charged that she did carry away jewelry—evidencing her intent—in violation of section 97-17-23, which expressly states the element of intent.  Here, I find that Vale's indictment, read as a whole, clearly charges her with all the essential elements of the crime of burglary and that Vale was not prejudiced in her defense.  Thus, I dissent.

¶27.  The majority also finds that Vale's indictment was constructively amended due to the variance in the indictment and jury instruction S-1.  Though the majority acknowledges that the issue is procedurally barred by Vale's failure to object, the majority goes on to find the indictment was constructively altered by the jury instructions.  I disagree.  Not only is the issue barred from our appellate review, I do not find—as the majority apparently does—that the change materially alters the facts which are the essence of the offense.  As such, with respect to this issue, I also dissent and would affirm Vale's conviction.

**GRIFFIS, P.J., CARLTON AND GREENLEE, JJ., JOIN THIS OPINION.**