IN THE SUPREME COURT OF MISSISSIPPI
NO. 2002-CT-01626-SCT

*WILLIAM SANDERSON*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

DATE OF JUDGMENT:                          4/2/2002
TRIAL JUDGE:                               HON. LAMAR PICKARD
COURT FROM WHICH APPEALED:                 COPIAH COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:                    PATSY ANN BUSH
ATTORNEYS FOR APPELLEE:                    OFFICE OF THE ATTORNEY GENERAL
                                           BY:  JOHN R. HENRY
DISTRICT ATTORNEY:                         ALEXANDER C. MARTIN
NATURE OF THE CASE:                        CRIMINAL - FELONY
DISPOSITION:                               THE JUDGMENT OF THE COURT OF APPEALS
                                           IS AFFIRMED IN PART AND REVERSED IN
                                           PART, AND THE JUDGMENT OF THE CIRCUIT
                                           COURT IS AFFIRMED - 09/23/2004
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.    William Sanderson was convicted in the Circuit Court of Copiah County of aggravated assault and

conspiracy to commit aggravated assault.  He appealed to this Court arguing his indictment was fatally

defective and that the verdict of the jury was against the overwhelming weight of the evidence.  His appeal

was assigned to the Court of Appeals which found that the conspiracy count of the indictment was fatally

defective because it failed to identify the victim of the assault.  It reversed and ordered Sanderson

discharged from the indictment for conspiracy, but affirmed his conviction and sentence for aggravated

assault. After thorough review we find that the indictment as a whole provided Sanderson with sufficient notice regarding the charges against him and that the victim's name need not have been included in the conspiracy count. The Court of Appeals erred. Therefore, we reverse the Court of Appeals' judgment as to the conspiracy count, affirm its judgment otherwise, and affirm the circuit court's judgment.

## FACTS AND PROCEDURAL HISTORY

¶2.     In December 2001, Peggy Lott was murdered. There were strong suspicions that Mrs. Lott's sixteen-year-old daughter Jamie had committed the crime, likely as a result of anger over her mother's efforts to prevent her from seeing and having sexual relations with Gary Mullins. Jamie Lott was pregnant, and the family believed that Mullins was the father. On the night of Mrs. Lott's funeral, several family members went to a gravel pit that was a known point of rendezvous for Jamie and Mullins. Among the group was the defendant, William Sanderson, Jamie's half-brother and a son of Mrs. Lott. There was testimony that at least some in this group had gone to the gravel pit wanting to impress upon Mullins an understanding of his obligations towards the baby that Jamie Lott was carrying. There was also testimony that some wanted to beat Mullins.

¶3.     Someone in the group telephoned Mullins. Being informed that Jamie Lott wanted to see him at the gravel pit (she actually was not with the group), Mullins agreed to go there. Once he arrived, there was an altercation. Others were involved, but for purposes of this case, it is important that there was evidence that Sanderson approached Mullins, tried to hit him, and missed. Sanderson claimed that Mullins then stabbed him several times, causing him to fall to the ground. Sanderson then claims that he saw Mullins going after another person, so he pulled Mullins down on top of him. Sanderson then got up from the ground and asked one of the others to take him to the hospital. Sanderson stated that he did not stab

2

Mullins. He also claims that he never conspired with anyone else to stab Mullins. He stated that at most, they discussed giving Mullins a beating.

¶4.     Joseph Taylor was one of the other men involved in the fight. He testified that Sanderson wanted to speak to Mullins to make sure he was going to take care of Jamie and her child. Taylor told a police officer that he had stabbed Mullins. He later recanted and said that Sanderson had asked him to take the blame until Sanderson was released from the hospital and could leave town.

¶5.     Mullins testified that as soon as he got out of his car at the gravel pit, Sanderson stabbed him. He claims he was stabbed in the chest but was able to remove the knife himself. He and Sanderson began fighting over the knife, and he stabbed Sanderson a few times in the struggle. Mullins then ran into the woods to seek help at a house nearby. Mullins was later taken to the hospital where he underwent surgery to repair wounds to his lung and liver.

¶6.     After a jury trial, Sanderson was found guilty of aggravated assault and conspiracy to commit aggravated assault, and he appealed. A divided Court of Appeals reversed the conspiracy conviction and affirmed the aggravated assault conviction. The Court of Appeals majority held that the indictment "must in some manner comply with Rule 7.06 by giving [] the essential facts constituting the offense charged, [] else the defendant is not on notice nor can jeopardy properly operate." *Sanderson v. State*, 2004 WL 77898, * 5 (Miss. Ct. App. 2004).

## ANALYSIS

### Whether a Specific Person, as the Intended Victim of a Conspiracy, must Be Named in the Indictment.

¶7.     The issue here involves count two of the indictment, the conspiracy charge. The conspiracy count provides:

3

COUNT TWO, and that on or about the 22nd day of December, 2001, in Copiah County, Mississippi, and within the jurisdiction of this court, the said WILLIAM SANDERSON AND JOSEPH D. TAYLOR did wilfully, unlawfully, feloniously and knowingly conspire and agree, each with the other, to wilfully, unlawfully, feloniously and knowingly commit the crime of Aggravated Assault, contrary to and in violation of Sections 97-1-1 and 97-3-7 of the Mississippi Code of 1972, and against the peace and dignity of the State of Mississippi.

¶8.     The Court of Appeals majority reversed the conspiracy conviction because this count does not list Gary Mullins as the victim of the aggravated assault. The Court of Appeals majority cites *Burks v. State*, 770 So. 2d 960, 963 (Miss. 2000), which states, "an indictment must state the name of the victim of an offense where that is an element of the offense . . . ." We agree that this is a correct statement of the law. However, the elements of a conspiracy require "recognition on the part of the conspirators that they are entering into a common plan and knowingly intend to further its common purpose." *Peoples v. State*, 501 So. 2d 424, 428 (Miss. 1987). There is no suggestion that a victim's name is an element of conspiracy.

¶9.     Furthermore, "[s]o long as a fair reading of the indictment, taken as a whole, clearly describes the nature and cause of the charge against the accused, the indictment is legally sufficient." *Farris v. State*, 764 So. 2d 411 (Miss. 2000). As three judges of the Court of Appeals' mentioned in their separate opinion concurring in part and dissenting in part, Gary Mullins's name was in the first count immediately preceding count two. Count one charged:

> The Grand Jurors of the State of Mississippi . . . upon their oaths present that WILLIAM SANDERSON AND JOSEPH D. TAYLOR, late of county aforesaid, on or about the 22nd day of December, 2001, in COPIAH County, Mississippi, and within the jurisdiction of this court, did wilfully, unlawfully, feloniously and purposely cause bodily injury to another, namely, one **Gary Mullins**, a human being, with a deadly weapon, to-wit: a knife, by then and there stabbing the said Gary Mullins, contrary to and in violation of Section 97-3-7 of the Mississippi Code of 1972, and against the peace and dignity of the State of Mississippi, this being count one of the indictment. . .

4

(emphasis added).  Using the *Farris* rule, and reading both counts as a whole, Sanderson was given fair and adequate notice of the crimes for which he was tried.  As the three Court of Appeals judges correctly pointed out, simply because Mullins's name was not repeated in the second count does not mean that Sanderson did not understand the charges against him.  Count one clearly identified the victim of the aggravated assault, and the next count leads a reasonable person to believe that the conspiracy was based on the aggravated assault.

¶10.    Since the indictment as a whole provided Sanderson with sufficient notice regarding the charges against him, we hold that the victim's name need not be included in the conspiracy count.  The Court of Appeals erred in concluding otherwise.

**CONCLUSION**

¶11.    For these reasons, we reverse the judgment of the Court of Appeals as to the conspiracy count, affirm its judgment otherwise, and affirm the trial court's judgment.

¶12.    **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART.**

**COUNT I: CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWELVE (12) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.**

**COUNT II: CONVICTION OF CONSPIRACY TO COMMIT THE CRIME OF AGGRAVATED ASSAULT AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. SENTENCES SHALL RUN CONCURRENTLY.**

**WALLER, AND COBB, P.JJ., EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR.  DIAZ AND GRAVES, JJ., NOT PARTICIPATING.**