996 So.2d 793 (2007)
John Allen BERRY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-00216-COA.
Court of Appeals of Mississippi.
June 19, 2007.
Rehearing Denied April 29, 2008.
*794 David Clay Vanderburg, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
EN BANC.
IRVING, J., for the Court.
¶ 1. John Allen Berry was convicted in the Circuit Court of DeSoto County of Count I, conspiracy to possess precursor chemicals and Count II, possession of fifteen or more grams of pseudoephedrine or ephedrine knowing or under circumstances where one reasonably should know that the chemicals would be used to manufacture a controlled substance. He appeals, alleging that Count I of the indictment is defective, in that possession of precursor chemicals alone is not a crime. We agree. Therefore, we reverse and render his conviction and sentence in Count I.[1]

FACTS
¶ 2. On February 22, 2005, an employee at a Walgreens drug store in Southaven, Mississippi contacted police after noticing Berry and Lemuel W. Webb, III, come into the store several times that day to purchase cold medication containing ephedrine and pseudoephedrine. The pair left the Walgreens and went to a Fred's store, where the police found them seated in a vehicle in the parking lot. A search of the vehicle revealed several containers of cold medication which contained ephedrine and pseudoephedrine. Consequently, Berry and Webb were arrested and later tried *795 and convicted of conspiracy to possess precursor chemicals and possession of pseudoephedrine and ephedrine.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 3. Whether an indictment is fatally defective is a question of law that this Court reviews de novo. Peterson v. State, 671 So.2d 647, 652 (Miss.1996). To avoid being rendered defective, an indictment must set forth all of the elements of the criminal offense. Id. at 653. "The purpose of the indictment is to provide the accused reasonable notice of the charges against him so that he may prepare an adequate defense." Brawner v. State, 947 So.2d 254, 265 (¶ 31) (Miss.2006) (citing Brown v. State, 890 So.2d 901, 918 (¶ 61) (Miss.2004)).
¶ 4. Berry challenges the validity of Count I of his indictment which provides:
That John Allen Berry and Lemuel W. Webb, III, late of the County and State aforesaid, on or about the 22nd day of February, in the year of our Lord 2005, in the County and State aforesaid, and within the jurisdiction of this Court, did wilfully, unlawfully and feloniously, corruptly agree, conspire and confederate, each with the other and with divers others to the Grand Jury unknown, to commit a crime, to-wit: possession of precursors, in direct violation of Section 97-1-1(a), Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.
Berry argues that Count I of his indictment is fatally defective. Specifically, he argues that Count I does not allege a crime, as possession of precursors alone does not violate the law. Mississippi law prohibits possession of two or more precursor chemicals with the intent to unlawfully manufacture a controlled substance.[2] Further, a conspiracy occurs when two or more persons conspire to commit a crime.[3] Thus, there can be no conspiracy under section 97-1-1(a) where there is no crime as the object of the conspiracy. Additionally, Count I does not charge a crime because it does not contain all of the elements that would make possession of precursor chemicals a crime, that is, it fails to include the element of "intent to unlawfully manufacture a controlled substance." Count I, as written, also fails to put Berry on notice as to which precursor chemicals he is charged with possessing.
¶ 5. Moreover, as long ago as 1907, Mississippi's jurisprudence has recognized that "each count [of an indictment] must completely and accurately define the offense, giving all its essential constituent elements, embraced in that count; and, whenever a count in an indictment does that, it has perfectly fulfilled its office." Starling v. Mississippi, 90 Miss. 255, 256, 43 So. 952, 953 (1907). Recently, the Mississippi Supreme Court has held that "so long as a fair reading of the indictment, taken as a whole, clearly describes the nature and cause of the charge against the *796 accused, the indictment is legally sufficient." Sanderson v. State, 883 So.2d 558, 561 (¶ 9) (Miss.2004) (quoting Farris v. State, 764 So.2d 411, 421 (¶ 28) (Miss. 2000)).
¶ 6. Although an indictment should be read as a whole, our research has not revealed any case law that allows an essential element omitted from one count to be imported from a subsequent count in the indictment. In Sanderson, the court affirmed a defendant's conspiracy conviction even though the conspiracy count failed to list the name of the victim. Sanderson, 883 So.2d at 561 (¶ 10). The court noted that the name of the victim of the conspiracy alleged in Count II was included in Count I. Consequently, the court found that "[u]sing the Farris rule, and reading both counts as a whole, Sanderson was given fair and adequate notice of the crimes for which he was tried." Id. at 561 (¶ 9). The court concluded that the indictment was not defective because the omission was not an essential element of the offense: "[t]here is no suggestion that a victim's name is an element of conspiracy." Id. at (¶ 8). However, the court affirmed that an indictment must state the essential elements of the offense: "an indictment must state the name of the victim of an offense where that is an element of the offense...." Id. (quoting Burks v. State, 770 So.2d 960, 963 (¶ 12) (Miss.2000)).
¶ 7. Here, unlike in Sanderson, the omission in Count I is twofold. First, the specific names of the precursor chemicals are missing.[4] Second, a necessary element of the crime is also missing.[5] If the only problem were the omission of the name of the precursor chemicals, perhaps the indictment would not be defective, because the identification and name of the drugs in Count II would lead a reasonable person to believe that the conspiracy was based on possession of the pseudoephedrine or the ephedrine that is alleged in Count II.[6]Sanderson, 883 So.2d at 561 (¶ 9). However, there is an impediment to this approach. We discuss that next.
¶ 8. Count II alleges the chemicals in the disjunctive, thereby preventing a reasonable interpretation that Berry conspired to possess both. Conspiring to possess either pseudoephedrine or ephedrine is not a crime unless the amount possessed is two *797 hundred fifty (250) dosage units or fifteen (15) grams in weight and the possessor knows, or under circumstances reasonably should know, that the pseudoephedrine or ephedrine will be used to unlawfully manufacture a controlled substance. Miss.Code Ann. § 41-29-313(2)(c)(i). Further, as stated, a necessary element is missing from Count I. As written, Berry was not informed as to whether he was conspiring to possess precursor chemicals in violation of section 41-29-313(1)(a)(i) or section 41-29-313(1)(a)(ii). Therefore, we find Sanderson distinguishable. We also find that the omission of the names of the two precursor chemicals in Count I of Berry's indictment is fatal, because without them, Berry was not placed on notice of the crime of which he was said to have conspired to commit. By reading the indictment as a whole, he may have been placed on notice as to one of the drugs, either pseudoephedrine or ephedrine, but it takes possession of both of these precursors to constitute a crime unless the possession is in the amount of two hundred fifty (250) dosage units or fifteen (15) grams in weight and the possessor knows, or under circumstances reasonably should know, that the pseudoephedrine or ephedrine will be used to unlawfully manufacture a controlled substance.
¶ 9. The dissent by Judge Roberts would have us ignore the plain wording in Count I. Count I charges that Berry conspired to commit the crime of possession of precursor chemicals. Under Judge Roberts's rationale, Count I placed Berry on notice that he was charged not with conspiring to possess precursor chemicals but with conspiring to possess one precursor chemical, either pseudoephedrine or ephedrine, as identified in Count II. Judge Roberts reasons that because pseudoephedrine and ephedrine are isomers of each other, possessing the same chemical composition and molecular formula, they are identical drugs. We cannot agree that these two drugs are the same chemically, but see no need to engage in a debate regarding their chemical structure. It is sufficient to say that the legislature, as reflected in Mississippi Code Annotated section 41-29-313(1)(b)(iv) and (v) (Rev.2005), has determined that pseudoephedrine and ephedrine are legally different precursors, no matter any shared chemical or molecular structure that may exist between them. In said section, "pseudoephedrine" and "ephedrine" are listed separately among the twenty-six chemicals declared to be a precursor drug or chemical.
¶ 10. As an additional reason for urging the affirmance of Berry's conviction on Count I, Judge Roberts points out that the defense was attempting to achieve some tactical advantage by waiting until after announcing ready for trial to raise the issue of the defect in Count I. Judge Roberts reasons that had defense counsel really been confused about what Berry was actually charged with in Count I, he would not have announced ready for trial. To this argument, we make two points. First, the law is not concerned with whether an accused's lawyer is confused, but with whether the State may take away the liberty of a single person without first properly charging the person with a crime. Second, there is nothing unethical, improper, diabolical, or nefarious about a defense lawyer taking maximum advantage of the mispleading of the State to benefit his client. In our judicial system, the defense lawyer's sole loyalty is to his client. He must zealously defend him. To do otherwise could subject the defense lawyer to a claim of malpractice or ineffective assistance of counsel. Of course, the defense lawyer, in his representation of his client, must remain within the ethical and legal parameters as established by our judicial system. What occurred here, however, *798 does not in any way traverse those parameters.
¶ 11. In summary, subsections (1)(a)(i) and (1)(a)(ii) of section 41-29-313 of the Mississippi Code of 1972, as amended, make it illegal to possess two or more precursor chemicals with either the intent to manufacture a controlled substance or with knowledge, or under circumstances where one reasonably should know, that the precursor chemicals will be used to unlawfully manufacture a controlled substance. Subsection (2)(c)(i) makes it illegal to possess two hundred fifty (250) dosage units or fifteen (15) grams in weight of pseudoephedrine or ephedrine knowing, or under circumstances where one reasonably should know, that the pseudoephedrine or ephedrine will be used to unlawfully manufacture a controlled substance.
¶ 12. Count I of the indictment charged Berry with conspiring to possess precursor chemicals which were not named or otherwise identified. It did not charge him with conspiring to possess these unidentified precursors with either the intent to manufacture a controlled substance or with knowledge, or under circumstances where he reasonably should have known, that the precursor chemicals would be used to unlawfully manufacture a controlled substance. Further, Count I did not charge Berry with conspiring to possess two hundred fifty (250) dosage units or fifteen (15) grams or more of either pseudoephedrine or ephedrine with knowledge, or under circumstances where he reasonably should have known, that the pseudoephedrine or ephedrine would be used to unlawfully manufacture a controlled substance. We conclude that the wording used in Count I failed to place Berry on notice as to whether he was being charged with conspiring to commit the crime specified in either subsections (1)(a)(i), (1)(a)(ii), or (2)(c)(i) of section 41-29-313. The use of the phrase "precursor chemicals" in Count I precludes the applicability of subsection (2)(c)(i) since this subsection precludes possession of a certain amount of either pseudoephedrine or ephedrine, and the evidence was that the contraband was twenty-four grams of pseudoephedrine, which is only one precursor chemical. As previously noted, Count I failed to identify the precursor chemicals involved, and for reasons already stated, this omission was not supplied by reading Count I in conjunction with Count II. Further, we find that Count I of the indictment fails to charge the necessary element under either of the subsections discussed, leading to the inescapable conclusion that it fails to allege a crime. Therefore, we reverse and render Berry's conviction in Count I but affirm his conviction in Count II.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF COUNT I, CONSPIRACY TO ILLEGALLY POSSESS PRECURSOR CHEMICALS, IS REVERSED AND RENDERED, AND THE CONVICTION OF COUNT II, POSSESSION OF FIFTEEN GRAMS OR MORE OF PSEUDOEPHEDRINE OR EPHEDRINE, KNOWING OR UNDER CIRCUMSTANCES WHERE ONE REASONABLY SHOULD KNOW THAT THE CHEMICALS WOULD BE USED TO MANUFACTURE A CONTROLLED SUBSTANCE, AND SENTENCE OF FIVE YEARS, $1,000 FINE, AND $100 RESTITUTION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, P.J., CHANDLER, BARNES AND ISHEE, JJ., CONCUR. MYERS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS AND CARLTON, JJ.; ROBERTS, J. JOINS IN PART. ROBERTS, J., DISSENTS WITH *799 SEPARATE WRITTEN OPINION JOINED BY MYERS, P.J., GRIFFIS AND CARLTON, JJ. KING, C.J. NOT PARTICIPATING.
MYERS, P.J., Dissenting:
¶ 14. The majority reverses and renders John Allen Berry's conviction of conspiracy to possess precursor chemicals to the manufacture of a controlled substance, finding that the indictment fails to properly charge the crime of conspiracy because possession of precursor chemicals alone is not a crime. With respect for my colleagues in the majority, I must dissent, for I find that under the circumstances presented in this case, possession of precursors is a crime and the indictment was sufficient to put Berry on notice that he was being charged with conspiracy to possess and possession of ephedrine and pseudoephedrine, precursor chemicals to the manufacture of methamphetamine.

STANDARD OF REVIEW
¶ 15. Under article 3, section 27 of the Mississippi Constitution and pursuant to Mississippi Code Annotated section 99-7-9 (Rev.2000), the circuit court obtains subject matter jurisdiction over a criminal offense when the defendant is served with an indictment issued by the grand jury. When the indictment is challenged as defective, the jurisdiction of the circuit court to hear the matter and impose a sentence is called into question. The decision of whether a circuit court had proper jurisdiction to hear a particular matter is a question of law, and is, therefore, reviewed de novo. Jensen v. State, 798 So.2d 383, 385 (¶ 6) (Miss.2001).

DISCUSSION
¶ 16. First, Mississippi Code Annotated section 41-29-313(1)(a)(ii) specifically proscribes the possession of any two precursor chemicals listed in subsection 41-29-313(1)(b), "in any amount, knowing, or under circumstances where one reasonably should know, that the listed precursor chemical or drug will be used to unlawfully manufacture a controlled substance." Second, pseudoephedrine and ephedrine are specifically listed as "precursor chemicals or drugs" in subsection 41-29-313(1)(b)(iv) and (v). Third, Mississippi Code Annotated section 41-29-313(2)(c)(I) makes it unlawful for any person to "purchase, possess, transfer, or distribute ... fifteen (15) grams in weight ... of pseudoephedrine or ephedrine, knowing, or under circumstances where one reasonably should know, that the pseudoephedrine or ephedrine will be used to unlawfully manufacture a controlled substance."
¶ 17. Next, our review of the sufficiency of Berry's indictment should begin with Rule 7.06 of the Uniform Rules of Circuit and County Court. See Harbin v. State, 478 So.2d 796, 798-99 (Miss. 1985). So long as the indictment includes the seven enumerated items of Rule 7.06 and provides the defendant with actual notice of the crime charged, so that from a fair reading of the indictment taken as a whole the nature of the charges against the accused are clear, the indictment is legally sufficient. Spears v. State, 942 So.2d 772, 775 (¶ 9) (Miss.2006); Sanderson v. State, 883 So.2d 558, 561 (¶ 9) (Miss.2004); Farris v. State, 764 So.2d 411, 421 (¶ 28) (Miss. 2000). The Rule makes clear that "[f]ormal or technical words are not necessary... if the offense can be substantially described without them." Wilson v. State, 815 So.2d 439, 443 (¶ 10) (Miss.Ct.App. 2002). Further, this Court has held that the pivotal consideration when considering the validity of an indictment on appeal, "is whether the defendant was prejudiced in the preparation of his defense." Wilson, 815 So.2d at 443 (¶ 11) (quoting Gray v. State, 728 So.2d 36, 70 (¶ 171) (Miss.1998)).
*800 ¶ 18. The issue here involves Count I of the indictment, the conspiracy charge. Count I reads:
That John Allen Berry and Lemuel W. Webb, III, late of the county and State aforesaid, on or about the 22nd day of February, in the year of our Lord 2005, in the County and State aforesaid, and within the jurisdiction of this Court, did wilfully, unlawfully and feloniously, corruptly agree, conspire and confederate, each with the other and divers others to the Grand Jury unknown, to commit a crime, to-wit: Possession of Precursors, in direct violation of Section 97-1-1(a), Mississippi Code 1972 annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.
¶ 19. However, our review of the sufficiency of the indictment cannot end with Count I, but must include a reading of the entire indictment as a whole. Therefore, we must also review Count II, the possession charge. Count II reads:
That John Allen Berry and Lemuel W. Webb, III, late of the county and State aforesaid, on or about the 22nd day of February, in the year of our Lord 2005, in the County and State aforesaid, and within the jurisdiction of this Court, did wilfully, unlawfully and feloniously, knowingly and intentionally possess, purchase, transfer, or distribute fifteen (15) grams in weight of pseudoephedrine or ephedrine, knowing, or under circumstances where one reasonably should know, that the pseudoephedrine or ephedrine will be used to unlawfully manufacture a controlled substance, in direct violation of Section 41-29-313, Mississippi Code 1972, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.
¶ 20. When both Counts I and II of the indictment against Berry are read together, it is clear that the indictment, as a whole, is legally sufficient. Each of the enumerated items of Rule 7.06 can be found within the indictment as well as a plain and concise statement of the facts notifying Berry that he is being charged with one count of conspiring to possess precursors and one count of possession of precursors to the manufacture of a controlled substance, to wit: pseudoephedrine or ephedrine, the same being precursors to the unlawful manufacture of methamphetamine, a controlled substance, in violation of Mississippi Code Annotated sections 97-1-1(a) and 41-29-313 respectively, and arising out of his conduct which occurred on February 22, 2005. Upon a fair reading of this indictment as a whole, I am unpersuaded by the majority's argument that under these facts, possession of precursors alone is not a crime, or that Berry was not aware of what precursors he was alleged to have illegally possessed.
¶ 21. For the foregoing reasons, I must respectfully dissent. I am of the opinion that the indictment was sufficient to give the defendant sufficient notice of the crimes charged under the Uniform Rules of Circuit and County Court; with Count I, I find no fatal flaw and would affirm Berry's conviction.
GRIFFIS AND CARLTON, JJ., JOIN THIS OPINION AND ROBERTS, J., JOINS IN PART.
ROBERTS, J., Dissenting:
¶ 22. With due respect for the majority, I must dissent. I write separately to elaborate on matters not fully discussed in Judge Myers's dissent. Suffice it to say, I would find that Berry had ample notice of the charge he faced. Accordingly, I would affirm.
*801 ¶ 23. Berry faced a two-count indictment. Count I charged Berry with conspiracy. Specifically, Count I stated:
John Allen Berry and Lemuel W. Webb, III, late of the county and State aforesaid, on or about the 22nd day of February, in the year of our Lord 2005, in the County and State aforesaid, and within the jurisdiction of this Court, did wilfully, unlawfully and feloniously, corruptly agree, conspire and confederate, each with the other and divers others to the Grand Jury unknown, to commit a crime, to-wit: Possession of Precursors, in direct violation of Section 97-1-1(a), Mississippi Code 1972 annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.
Count II charged Berry with possession of pseudoephedrine or ephedrine. To be exact, Count II stated:
John Allen Berry and Lemuel W. Webb, III, late of the county and State aforesaid, on or about the 22nd day of February, in the year of our Lord 2005, in the County and State aforesaid, and within the jurisdiction of this Court, did wilfully, unlawfully and feloniously, knowingly and intentionally possess, purchase, transfer, or distribute fifteen (15) grams in weight of pseudoephedrine or ephedrine, knowing, or under circumstances where one reasonably should know, that the pseudoephedrine or ephedrine will be used to unlawfully manufacture a controlled substance, in direct violation of Section 41-29-313, Mississippi Code 1972, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.
¶ 24. There can be no doubt that Berry fully understood that he was being tried for the events that occurred in Southhaven, at the Walgreen's pharmacy and the nearby Fred's pharmacy parking lot on February 22, 2005. On that date, officers employed by the Southhaven police department stopped Berry and his co-defendant, Webb. Berry and Webb had a large quantity of Sudafed pills in their vehicle.
¶ 25. As Judge Myers recognizes, an indictment is legally sufficient if it includes the seven enumerated items of Rule 7.06 and it provides the defendant with actual notice of the crime charged, so that from a fair reading of the indictment taken as a whole makes clear the nature of the charges against the accused. Farris v. State, 764 So.2d 411, 421 (¶ 28) (Miss.2000); see also Spears v. State, 942 So.2d 772, 775 (¶ 9) (Miss.2006); Sanderson v. State, 883 So.2d 558, 561 (¶ 9) (Miss.2004). It is also important to recognize the fact that Berry faced a multiple count indictment. Within the context of a multiple-count indictment:
Two (2) or more offenses which are triable in the same court may be charged in the same indictment with a separate count for each offense if: (1) the offenses are based on the same act or transaction; or (2) the offenses are based on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan.
URCCC 7.07(A).
¶ 26. Next, it is important to discuss just what Berry argued. In effect, Berry claimed (a) Count I did not allege a crime and (b) that Count I did not put him on notice as to the charge he faced and, as a result, he was completely unable to prepare a defense.
¶ 27. As to Berry's claims that Count I did not allege a crime, I find that argument unpersuasive. The majority concludes that Count I does not state a crime because possession of precursors is not an underlying crime that one can conspire to *802 commit. I respectfully disagree. Nowhere in the indictment was Berry ever charged with possession of two or more precursor chemicals with intent to manufacture methamphetamine. Possession of pseudoephedrine may or may not be a crime, depending on the circumstances. It is a crime to possess either pseudoephedrine or ephedrine in an amount over fifteen grams under circumstances that a reasonable person would know that it was to be used to manufacture methamphetamine. Miss.Code Ann. § 41-29-313(2)(c)(I) (Rev. 2005). Possession of anhydrous ammonia (a common commercial fertilizer and a precursor chemical) is likewise presumed to be unlawful when it is contained in an unauthorized container and one has reason to believe that it will be used to manufacture a controlled substance. Miss.Code Ann. § 41-29-313(2)(b)(ii) (Rev.2005); see also Miss.Code Ann. § 75-57-9 (Rev.2000).
¶ 28. As to Berry's other argument, Berry contended that Count I did not put him on notice as to the charge he faced and, as a result, he was completely unable to prepare a defense. Said differently, Berry argued that he could not tell whether Count I accused him of conspiracy to possess precursors or conspiracy to possess either ephedrine or pseudoephedrine.[7] Here, it is equally important to note what Berry did not argue. Berry never claimed that Count II was unclear or that he was confused by it. Likewise, Berry never claimed that Count I and Count II were not based on a common scheme or plan or that they were not based on the same act or transaction. As such, it is unchallenged that Count I and Count II were either based on the same series of acts or transactions connected together or that they constituted parts of a common scheme or plan.
¶ 29. What is more, the point at which Berry raised his argument casts great doubt on his claim that he was unaware of the charge he faced in Count I. In his brief, Berry claims that Count I was confusing and that he was having difficulty preparing a defense. Even so, Berry never made a pretrial motion to dismiss Count I. Berry never made a motion to clarify Count I. Instead, Berry's attorney took part in jury selection. After the jury had been selected, sworn and seated, counsel for Berry announced "ready for trial." Then, after the noon lunch break, Berry made his ore tenus motion to dismiss Count I. Berry's tactic is clear. "[D]ouble jeopardy attaches in any criminal proceeding at the moment the trial jury is selected and sworn to try the case." Jones v. State, 398 So.2d 1312, 1314 (Miss.1981). It does not follow that counsel can claim that he is prepared to defend his client and then, moments later, claim that the indictment is so confusing that he cannot distinguish the charge against his client.[8]
¶ 30. In considering the validity of an indictment on appeal, the pivotal question "is whether the defendant was prejudiced *803 in the preparation of his defense." Wilson v. State, 815 So.2d 439, 443 (¶ 11) (Miss.Ct. App.2002) (quoting Gray v. State, 728 So.2d 36, 70 (¶ 171) (Miss.1998)). Reading the two charges together, as we must pursuant to URCCC 7.07(A), I am of the opinion that Berry was not prejudiced in the preparation of his defense. Count II, a crime arising from the same act or transaction or constituting a common scheme, accused Berry of possession of more than fifteen grams of pseudoephedrine under circumstances where Berry knew or should have known that it was to be used to manufacture a controlled substance. It is clear that Berry knew exactly what criminal offense he faced. Count I charged that Berry conspired to commit the offense of possession of precursors as specified in Count II.
¶ 31. Additionally, Berry did not attempt to have Count II dismissed. It follows that, in announcing that he was ready to proceed with the unchallenged charge in Count II, Berry had prepared some form of defense to Count IIthe possession of pseudoephedrine charge. Having prepared a defense to the possession of pseudoephedrine charge, Berry necessarily prepared a defense to the conspiracy charge.
¶ 32. The majority discusses Sanderson v. State, 883 So.2d 558 (Miss.2004). In Sanderson an accused faced a two count indictment at trial. As with the present case, one of the charges in Sanderson was a conspiracy charge. Id. at 560 (¶ 7). In particular, the appellant in Sanderson was found guilty of aggravated assault and conspiracy to commit aggravated assault. Id. at (¶ 6).
¶ 33. On appeal, this Court, though divided, reversed the conspiracy conviction and affirmed the aggravated assault conviction. Id. (citing Sanderson v. State, 881 So.2d 878 (¶ 13) (Miss.Ct.App.2004)). This Court reversed the conspiracy conviction based on a finding that the conspiracy charge in the indictment was fatally flawed due to the failure to list the victim of aggravated assault by name. Sanderson, 883 So.2d at 560 (¶ 8).
¶ 34. The State appealed and the Mississippi Supreme Court granted certiorari. Noting that "the elements of a conspiracy require recognition on the part of the conspirators that they are entering into a common plan and knowingly intend to further its common purpose" the Mississippi Supreme Court found that "[t]here is no suggestion that a victim's name is an element of conspiracy." Id. (internal citations omitted). According to the supreme court, "so long as a fair reading of the indictment, taken as a whole, clearly describes the nature and cause of the charge against the accused, the indictment is legally sufficient." Id. at 561 (¶ 9). Noting that "three judges of [this Court] mentioned in their separate opinion concurring in part and dissenting in part," the victim's name was listed in the aggravated assault count listed as count one. Id.
¶ 35. The supreme court determined that, reading both counts as a whole, the appellant in Sanderson received fair and adequate notice of the charges against him. Recognizing that "three Court of Appeals judges correctly pointed out, simply because [the victim's] name was not repeated in the second count does not mean that [the appellant in Sanderson] did not understand the charges against him" the supreme court held that, "Count one clearly identified the victim of the aggravated assault, and the next count leads a reasonable person to believe that the conspiracy was based on the aggravated assault." Id.
¶ 36. Accordingly, the supreme court found that the indictment as a whole provided the appellant in Sanderson with sufficient *804 notice regarding the charges against him and that this Court "erred in concluding otherwise." Id. at (¶ 10). As such, the supreme court reversed this Court as to the conspiracy court, "affirm[ed] [this Court's] judgment otherwise, and affirm[ed] the trial court's judgment" of conviction on both counts. Id. at (¶ 11).
¶ 37. Despite minor and irrelevant differences, I am of the opinion that Sanderson is directly on point with the case sub judice. In both cases, the defendant was charged with a two-count indictment; a conspiracy count and a count for the underlying crime connected to the conspiracy count. In Sanderson, the name of the victim was left out of the conspiracy count. In the present case, the name of the precursor chemical was left out of the conspiracy count. In Sanderson, the supreme court reversed this Court's decision to reverse the conspiracy conviction. I see no reason to expect a contrary result on certiorari in this case.
¶ 38. The majority finds distinguishing factors differentiate this case from Sanderson. With all due respect for the majority, I am not prepared to reach the same conclusion. The majority states that it is not a crime to conspire to possess a single precursor. However, as mentioned above, pseudoephedrine is a precursor chemical and it is illegal to possess pseudoephedrine in an amount over fifteen grams under circumstances that a reasonable person would know that it was to be used to manufacture methamphetamine. Miss. Code Ann. § 41-29-313(2)(c)(I) (Rev.2005). As such, I would reach the conditional conclusion that the majority mentions but does not find-that the indictment is not defective because "the identification and name of the drugs in count II would lead a reasonable person to believe that the conspiracy was based on possession of the pseudoephedrine or the ephedrine that is alleged in count II." (majority opinion at (¶ 7)).
¶ 39. Considering the foregoing, I would find that the indictment against Berry was sufficient in that, reading it as a whole, Berry was adequately put on notice of the charges he faced. Further, I am not persuaded that Count I failed to allege a crime. Because the majority finds otherwise, I respectfully dissent.
MYERS, P.J., GRIFFIS AND CARLTON, JJ., JOIN THIS OPINION.
NOTES
[1] Berry does not challenge his conviction for count II of the indictment; therefore, we affirm his conviction for this count without addressing the substance of it.
[2] Mississippi Code Annotated section 41-29-313(1)(a)(i) (Rev.2005) provides:

Except as authorized in this section and in Section 41-29-315, it is unlawful for any person to knowingly or intentionally: purchase, possess, transfer, manufacture, attempt to manufacture or distribute any two (2) or more of the listed precursor chemicals or drugs in any amount with the intent to unlawfully manufacture a controlled substance. (emphasis added).
[3] Mississippi Code Annotated section 97-1-1(a) (Rev.2006) provides: If two (2) or more persons conspire: to commit a crime . . . such persons, and each of them, shall be guilty of a felony....
[4] Mississippi Code Annotated section 41-29-313(b) (Rev.2005) designates twenty-six drugs as precursor drugs or chemicals.
[5] Subsection (1)(a)(i) of section 41-29-313 makes it unlawful "to knowingly or intentionally purchase, possess, transfer, manufacture, attempt to manufacture or distribute any two (2) or more of the [chemicals listed in subsection (b)] in any amount with the intent to unlawfully manufacture a controlled substance." Subsection (1)(a)(ii) makes it unlawful "to knowingly or intentionally purchase, possess, transfer, manufacture, attempt to manufacture or distribute any two or more of the [chemicals listed in subsection (b)] in any amount, knowing or under circumstances where one reasonably should know, that the listed precursor chemical or drug will be used to unlawfully manufacture a controlled substance."
[6] Count II of the indictment alleged:

That John Allen Berry and Lemuel W. Webb, III, late of the County and State aforesaid, on or about the 22nd day of February, in the year of our Lord 2005, in the County and State aforesaid, and within the jurisdiction of this Court, did wilfully, unlawfully and feloniously, knowingly and intentionally possess, purchase, transfer or distribute fifteen (15) grams in weight of pseudoephedrine or ephedrine, knowing, or under circumstances where one reasonably should know, that the pseudoephedrine or ephedrine will be used to unlawfully manufacture a controlled substance, in direct violation of section 41-29-313, Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.
[7] That the numerous pills contained pseudoephedrine instead of ephedrine should have caused little, if any, concern to Berry's defense. According to the testimony of the forensic chemist, pseudoephedrine and ephedrine are isomers of one another. In effect, they are the same thing as they have the same chemical composition and the same molecular formula. Accordingly, any reference to ephedrine should naturally encompass pseudoephedrine.
[8] A very logical, if not compelling argument can be made that, when a charge in an indictment is sufficient to give rise to the prohibition against double jeopardy, and a defendant does not challenge the legal sufficiency of the indictment by pretrial motion prior to the swearing and seating of the trial jury, that defendant should not be permitted to complain, after the fact, that he was confused as to what charge he faced.