IRVING, P.J.,
for the Court:
¶ 1. This appeal arises out of George Martin’s petition for post-conviction relief (PCR), which was denied by the Tate County Circuit Court. Feeling aggrieved, Martin appeals and asserts: (1) the circuit court was without jurisdiction to accept his guilty plea; (2) he was illegally sentenced; (3) his motion under Rule 59(e) of the Mississippi Rules of Civil Procedure was improperly denied; and (4) he received ineffective assistance of counsel when he pleaded guilty.
¶ 2. We find no error; therefore, we affirm the circuit court’s judgment.
FACTS
¶ 3. In July 2005, Martin was indicted for burglary, conspiracy to commit burglary, grand larceny, and possession of a firearm by a convicted felon. Each count also alleged Martin’s status as a habitual offender. In 2006, Martin pleaded guilty to burglary. In return, Martin was not convicted as a habitual offender, and the remaining counts of the indictment were remanded to the file.
¶ 4. In March 2008, Martin filed a first PCR petition, which was denied. The denial of that petition was affirmed on appeal by this Court. Martin v. State, 20 So.3d 734 (Miss.Ct.App.2009). On July 27, 2009, Martin filed the present PCR petition. The petition argued that the indictment did not allege felonious intent, that Martin received ineffective assistance of counsel, and that there was an insufficient factual basis for his plea. The circuit court denied the petition in February 2010. Martin challenged that denial by means of a Rule 59(e) motion to alter or amend the judgment. On March 3, 2010, the circuit court denied the motion, noting that Martin’s PCR petition was a successive writ and, thus, subject to the procedural bar found in Mississippi Code Annotated section 99-39-23(6) (Supp.2010). Martin appeals.
¶ 5. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Jurisdiction

¶ 6. Martin alleges that the circuit court lacked jurisdiction to accept his guilty plea because his indictment did not allege the specific crime on which the burglary was predicated. In relevant part, Martin’s indictment states the following:

COUNT 2

That ... GEORGE MARTIN IV ... on or about the 21st day of JANUARY, in the year of our Lord 2005, in the County and State aforesaid, and within the jurisdiction of this Court, did wilfully, unlawfully[,] and feloniously, break and enter the dwelling house of Jeff Triplett and Laura Triplett, with the intent to com *884 mit some crime therein, in direct violation of Section 97-17-23, Mississippi Code 1972 Annotated, as amended!.]
[[Image here]]

COUNTS

That ... GEORGE MARTIN IV ... on or about the 21st day of JANUARY, in the year of our Lord 2005, in the County and State aforesaid, and within the jurisdiction of this Court, did wilfully, unlawfully!,] and feloniously, take, steal!,] and carry away the personal property of Jeff Triplett and Laura Triplett ... of the total and aggregate value of $500.00 or more in good and lawful money of the United States of America, a more particular description of said property is ... unknown....
During the plea colloquy, the prosecutor stated the following when asked for the factual basis for Martin’s plea:
Your Honor, in Count 2, the State would be prepared to prove ... that George Martin ... did on or about the 21st day of January in 2005[,] break and enter the dwelling house of Jeff and Laura Triplett with the intent to commit larceny therein.
The State would be prepared to prove, Your Honor, that Ms. Triplett came home on that date to find [Martin’s co-defendant] and Mr. Martin in a burgundy[-]eolored SUV at her home. She saw both individuals. She, I believe had a weapon on her person. She told police that the white male passenger in the vehicle had a weapon and had it pointed at her. She pulled out her weapon and discharged it in an attempt to get them to leave the residence. She was able to give police a description of the vehicle as well as a description of the individuals that she had seen and also a list of property that had been taken from the home.
[The codefendant] was ultimately found in the vehicle that matched the description, and when he was stopped in that vehicle, he gave the statement to law[-]enforcement officers that he had just dropped off George in Tate County, that being George Martin. [The code-fendant] also had in the vehicle at that time property that was taken from the Triplett residence.
After [the codefendant] had identified George Martin as the other individual involved, Ms. Triplett was able to identify both individuals as the individuals that she saw at her home on that particular date. Those events occurred in Tate County, and therefore within the jurisdiction of this Court.
Upon questioning by the circuit court, Martin agreed that he could recall the events related by the prosecutor. Martin’s attorney averred to the judge that the State had enough evidence to “get this case before a jury[.]”
¶ 7. On the basis of the above, we find that Martin’s indictment was sufficient. The Mississippi Supreme Court has stated, “so long as a fair reading of the indictment, taken as a whole, clearly describes the nature and cause of the charge against the accused, the indictment is legally sufficient.” Sanderson v. State, 883 So.2d 558, 561 (¶ 9) (Miss.2004) (quoting Farris v. State, 764 So.2d 411, 421 (¶28) (Miss. 2000)). In Sanderson, William Sanderson was charged with conspiracy to commit aggravated assault. Id. at 560 (¶ 7). Sanderson’s conspiracy count failed to allege the name of the victim of the aggravated assault. Id. Our supreme court found that the indictment was sufficient nonetheless, in part because the indictment as a whole put Sanderson on notice as to the identity of his victim, since another count of the indictment identified the victim. Id. at 561 (¶ ¶ 9-10). Ultimately, *885 the supreme court found that Sanderson had “fair and adequate notice of the crimes for which he was tried.” Id. at 561 (¶ 9).
¶ 8. In the present ease, Martin was charged with burglary in Count II of his indictment. That count alleged that Martin broke and entered into the Tripletts’ home with the intent to commit some crime therein; Count III then charged Martin with larceny and listed the items removed from the Tripletts’ home. Read as a whole, we find that Martin had sufficient notice of the elements of burglary. Furthermore, at the time that Martin entered his guilty plea, the prosecutor clearly stated that Martin broke and entered into the Tripletts’ home with the intent to commit larceny therein. Martin never expressed surprise at this statement or attempted to withdraw his guilty plea and proceed to trial. Clearly, Martin understood the elements and nature of his burglary charge.
¶ 9. Since the circuit court had jurisdiction to accept Martin’s guilty plea and his sentence is legal, the circuit court properly denied Martin’s PCR petition as a successive writ. This contention of error is without merit.

2. Illegal Sentence

¶ 10. Martin’s argument that his sentence is illegal is based on the same contention as his jurisdictional claim. As we have already found, Martin’s indictment was sufficient to charge him with burglary and allow him to plead guilty to that charge.
¶ 11. This contention of error is also without merit.

3. Denial of Rule 59(e) Motion

¶ 12. This argument is also based on Martin’s contention that his indictment was insufficient. Accordingly, it is also without merit.

Ip. Ineffective Assistance of Counsel

¶ 13. Martin claims that his attorney was ineffective for not objecting to the indictment. As we have found that the indictment was sufficient, there is no merit to this argument. Martin also appears to claim other grounds for his attorney’s ineffectiveness, such as his attorney’s failure to investigate properly the factual basis for Martin’s plea. Any additional arguments concerning the effectiveness of Martin’s counsel should have been brought in his first PCR petition; those arguments are now barred as a successive writ. Miss. Code Ann. § 99-39-23(6). In fact, this Court already addressed the effectiveness of Martin’s counsel in disposing of his first PCR petition. Martin, 20 So.3d at 737-38 (¶ ¶ 14-21).
¶ 14. This contention of error is without merit.
¶ 15. THE JUDGMENT OF THE TATE COUNTY CIRCUIT COURT DENYING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TATE COUNTY.
LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.