LEE, C.J., DISSENTING:
 

 ¶ 21. I disagree with the majority's opinion that Vale's indictment was fatally defective for failure to use the word "intent." The indictment substantially described the offense and fully informed Vale that she was charged with burglary in violation of
 Mississippi Code Annotated section 97-17-23 (Rev. 2014)-which expressly contains the element of intent. Therefore, the element of intent was set forth in Vale's indictment. Thus, I respectfully dissent.
 

 ¶ 22. Mississippi law provides that an indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation."
 
 Williams v. State
 
 ,
 
 169 So.3d 932
 
 , 935 (¶ 9) (Miss. Ct. App. 2014). "The primary purpose of an indictment is to give a defendant fair notice of the crime charged."
 

 Id.
 

 ¶ 23. Burglary of a dwelling, as codified in section 97-17-23, contains two essential elements: "(1) the unlawful breaking and entering; and (2) the intent to commit some crime when entry is attained."
 
 Smith v. State
 
 ,
 
 150 So.3d 122
 
 , 126 (¶ 17) (Miss. Ct. App. 2014) (quoting
 
 Parker v. State
 
 ,
 
 962 So.2d 25
 
 , 27 (¶ 9) (Miss. 2007) ). Vale's indictment stated that she did "unlawfully, feloniously, and burglarious[ly] break into and enter the dwelling house ... wherein valuable things were kept for use, and did carry away jewelry; in violation of Section 97-17-23...."
 

 ¶ 24. While Vale's indictment did not directly use the word "intent," it did, however, specifically charge Vale with "carry[ing] away jewelry ... in violation of section 97-17-23...." As section 97-17-23 specifies that the crime of burglary includes "intent to commit some crime therein," Vale's indictment, which charged her with violation of section 97-17-23, gave her fair notice of the crime charged, including the element of intent by reference to the statute. Additionally, the indictment specified the actual underlying crime Vale was accused of committing-stealing jewelry. Our courts have noted that the element of intent is "an emotional operation of the mind, and is usually shown by acts and declarations of the defendant .... A defendant's intention is manifested largely by the things [s]he does."
 
 White v. State
 
 ,
 
 195 So.3d 801
 
 , 805 (¶ 14) (Miss. Ct. App. 2015) (quoting
 
 Dixon v. State
 
 ,
 
 240 So.2d 289
 
 , 290 (Miss. 1970) ). As such, the indictment fully notified Vale of the crime she was charged with committing-burglary of a dwelling-as well as the specific underlying crime she intended to and did commit.
 

 ¶ 25. "The ultimate test, when considering the validity of an indictment on appeal, is whether the defendant was prejudiced in the preparation of h[er] defense."
 
 Warren v. State
 
 ,
 
 187 So.3d 616
 
 , 621-22 (¶ 10) (Miss. 2016) (quoting
 
 Medina v. State
 
 ,
 
 688 So.2d 727
 
 , 730 (Miss. 1996) ). In the instant case, Vale was not in any way prejudiced in the preparation of her defense. Vale did not, at any point before or during her trial, object to the indictment. Vale did not raise the issue in her posttrial motion for a judgment notwithstanding the verdict or a new trial. And Vale's defense did not center on an argument regarding intent. Rather, Vale's defense was that she did not break and enter the dwelling or steal the jewelry at all-that she was not present during the commission of the crime, despite having previously confessed to the crime. Moreover, Vale cannot state on appeal that her defense was prejudiced in that she did not know she was charged with the element of intent. The record clearly shows that the jury instructions proposed by Vale's defense required the jury to find that Vale had broken and entered the dwelling of another "with intent to commit to steal valuable things once inside." As such, it is clear Vale had full knowledge that the crime with which she was charged contained the element of intent.
 

 ¶ 26. "The Mississippi Supreme Court has stated, 'so long as a fair reading of the indictment, taken as a whole, clearly describes the nature and cause of the charge against the accused, the indictment is legally
 sufficient.' "
 
 Martin v. State
 
 ,
 
 65 So.3d 882
 
 , 884 (¶ 7) (Miss. Ct. App. 2011) (quoting
 
 Sanderson v. State
 
 ,
 
 883 So.2d 558
 
 , 561 (¶ 9) (Miss. 2004) ). With regard to intent, Vale's indictment expressly charged that she did carry away jewelry-evidencing her intent-in violation of section 97-17-23, which expressly states the element of intent. Here, I find that Vale's indictment, read as a whole, clearly charges her with all the essential elements of the crime of burglary and that Vale was not prejudiced in her defense. Thus, I dissent.
 

 ¶ 27. The majority also finds that Vale's indictment was constructively amended due to the variance in the indictment and jury instruction S-1. Though the majority acknowledges that the issue is procedurally barred by Vale's failure to object, the majority goes on to find the indictment was constructively altered by the jury instructions. I disagree. Not only is the issue barred from our appellate review, I do not find-as the majority apparently does-that the change materially alters the facts which are the essence of the offense. As such, with respect to this issue, I also dissent and would affirm Vale's conviction.
 

 GRIFFIS, P.J., CARLTON AND GREENLEE, JJ., JOIN THIS OPINION.