# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-KA-00711-SCT

*NATHAN LOLLIS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/13/2022 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON, JR. |
| TRIAL COURT ATTORNEYS: | SHAMECA SHANTE' COLLINS |
| | PAUL DRAUGHN SULLIVAN |
| | TIMOTHY DAVID BLALOCK |
| COURT FROM WHICH APPEALED: | WILKINSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| | ZAKIA B. CHAMBERLAIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DANIELLE LOVE BURKS |
| DISTRICT ATTORNEY: | SHAMECA SHANTE' COLLINS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/16/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KING, P.J., COLEMAN AND BEAM, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1. A Wilkinson County jury convicted Nathan Lollis and his codefendants, Marcel Smith and Charles Lee Wells, of first degree murder and conspiracy to commit murder. Lollis received a life sentence for murder and twenty years for conspiracy to commit murder. The trial court denied Lollis's motion for judgment notwithstanding the verdict or, in the alternative, a new trial. He now appeals, raising sufficiency of the evidence as the sole issue on appeal. Finding no error, we affirm.

# FACTS

¶2.     Wells shot and killed Carl Newton on July 16, 2018, in Woodville, Mississippi. Wells, along with Marcel Smith, acted in accord with and at the behest of Nathan Lollis.

¶3.     About nine months before the murder, Newton shot and injured Lollis on Thanksgiving Day, 2017.  Lollis initially filed a police report regarding the shooting, and Newton was charged with aggravated assault.  Later, Lollis requested that the charge be amended to simple assault.

¶4.     On the night of the murder, Smith picked Newton up in a pickup truck and drove to Lollis's house.  Smith got out and went inside to meet alone with Lollis for a short time before leaving with Newton still in the truck.  Soon after, Smith arrived at an old church with Newton and Wells in the truck.  Brothers Casey and Michael Anderson were waiting for them there, having been brought to the location by Lollis.

¶5.     Wells exited the truck and then Michael physically pulled Newton out of the truck. Casey and Michael proceeded to "rough Mr. Carl Newton up."  Shortly after that, Smith and Wells approached and told the Anderson brothers that they weren't "doing it right."  Wells then removed a pistol from his pocket and pointed it at Newton.  Then, the Anderson brothers ran away.  As they ran away, they both heard gunshots from behind them.

¶6.     Later that night, Smith returned to Lollis's house and met with him alone.  The next day, Lollis paid the Anderson brothers "$300 to keep [their] mouth shut."  Newton's body was found approximately six miles away from the location of the shooting by two local hunters. Investigators tracked the cell phone location data for Smith and Newton on the night

2

of the murder and found that Smith's and Newton's cell phones were both located within twenty-five meters of the shooting and within twenty-five meters of where the hunters found the body.

¶7.     At trial, multiple witnesses who were present during the events of the night of the murder and who spoke to Lollis in the time leading up to the murder testified. Both Anderson brothers testified.

¶8.     Michael Anderson testified that after Lollis recovered from his injuries from the Thanksgiving Day shooting, he heard Lollis say he wanted "to know who wanted to be offered some money . . . to take Mr. Carl Newton out," and, referring to Newton, "that mother fucker gotta be got. Somebody gonna get him." He testified that Lollis directly asked him if he wanted to make some money to "take Carl Newton out."

¶9.     Casey Anderson testified that Lollis made the plan for them to "rough up Carl Newton." He testified that, on the night of the murder, Lollis drove him to the church where the murder took place and that he saw Wells with a gun pointed directly at Newton before he fled.

¶10.    Johnnie Lee Spears, who lived at Lollis's house, testified that Smith showed up at the house that night with Newton in the truck and that Smith met with Lollis alone before and after the murder. LaSalle Bolden, Jr., who also saw Newton in the truck with Smith that night, corroborated Spears's testimony.

## ANALYSIS

**I.**     **A rational trier of fact could find all elements of conspiracy beyond a reasonable doubt when the evidence is viewed in the light most favorable to the prosecution.**

¶11.    Mississippi defines conspiracy as follows: "(1) If two (2) or more persons conspire either: (a) To commit a crime; or . . . (h) To accomplish any unlawful purpose, or a lawful purpose by an unlawful means; such persons and each of them, shall be guilty of a felony . . . ." Miss. Code Ann. § 97-1-1 (Rev. 2014). "[T]he elements of a conspiracy require 'recognition on the part of the conspirators that they are entering into a common plan and knowingly intend to further its common purpose.'" *Sanderson v. State*, 883 So. 2d 558, 560 (¶ 8) (Miss. 2004) (quoting *Peoples v. State*, 501 So. 2d 424, 428 (Miss. 1987)). "A criminal conspiracy is complete upon the combination, and the law does not require proof of an overt act in pursuance thereof." *Clayton v. State*, 582 So. 2d 1019, 1022 (Miss. 1991) (citing *Ford v. State*, 546 So. 2d 686, 688 (Miss. 1989)). "A conspiracy is a separate, complete offense and the crime is completed once the agreement is formed . . . ." *State v. Thomas*, 645 So. 2d 931, 933 (Miss. 1994) (citing *Norman v. State*, 381 So. 2d 1024, 1028 (Miss. 1980)).

¶12.    When considering an appeal that claims insufficient evidence to support a guilty verdict, "we view the evidence in the light most favorable to the State and decide if rational jurors could have found the State proved each element of the crime." *Lenoir v. State*, 222 So. 3d 273, 279 (¶ 25) (Miss. 2017) (citing *Poole v. State*, 46 So. 3d 290, 293 (¶ 20) (Miss. 2010)). "The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence." *Morgan v. State*, 741 So. 2d 246, 256 (¶ 28) (Miss. 1999) (quoting *Franklin v. State*, 676 So. 2d 287, 288 (Miss. 1996)).

4

¶13.    Juries may consider the full context of the evidence in determining their verdict on a charge of conspiracy. *Henderson v. State*, 323 So. 3d 1020, 1024 (¶ 8) (Miss. 2021) (citing *McCray v. State*, 486 So. 2d 1247, 1251 (Miss. 1986)). "The agreement need not be formal or express, but may be inferred from the circumstances, particularly from declarations, acts and conduct of the alleged conspirators." *Thomas v. State*, 591 So. 2d 837, 839 (Miss. 1991) (citing *Clayton*, 582 So. 2d at 1022). "[T]he existence of a conspiracy, and a defendant's membership in it, may be proved entirely by circumstantial evidence." *Franklin*, 676 So. 2d at 288 (quoting *Nixon v. State*, 533 So. 2d 1078, 1092 (Miss. 1987), *overruled on other grounds by Wharton v. State*, 734 So. 2d 985 (Miss. 1998)).

¶14.    The jury determined that Smith, Wells, and Lollis conspired together to murder Newton. Testimony was presented that Smith and Wells were together in the truck with Newton the night of the murder. The Anderson brothers testified that Smith and Wells drove to the location of the murder with Newton in the truck. They testified that they both saw Wells pull out a gun while he was with Newton at the location of the murder. Casey Anderson testified that he saw him point the gun at Newton. Both Anderson brothers testified they then heard gunshots. "The conspiracy agreement . . . may be inferred from the circumstances, particularly by declarations, acts, and conduct of the alleged conspirators." *Franklin*, 676 So. 2d at 288 (quoting *Nixon*, 533 So. 2d at 1092). If the jury believed the Anderson brothers' testimony, then the acts and conduct of Smith and Wells are sufficient evidence for a rational trier of fact to conclude that Wells murdered Newton and conspired with Smith to that end.

¶15. "[O]nce the existence of a conspiracy is shown, only slight evidence is required to connect a particular defendant with the conspiracy." *Morgan*, 741 So. 2d at 255 (¶ 27) (citing *United States v. James*, 528 F.2d 999, 1012 (5th Cir. 1976)). Having established that sufficient evidence was presented for a jury to find Smith and Wells conspired to murder Newton, we must turn to Lollis's connection to the conspiracy.

¶16. The jury heard testimony that Lollis "want[ed] to know who wanted to be offered some money . . . to take Mr. Carl Newton out" and that Lollis said, "I gotta get that mother fucker." Michael Anderson testified that Lollis asked him if he wanted to make some money to "take Carl Newton out." Johnnie Lee Spears, who lived at Lollis's house, testified that Smith met with Lollis the night of the murder before and after the murder occurred.

¶17. Michael Anderson testified that, on the day after the murder, Lollis paid him and his brother $300 to keep quiet. Casey Anderson testified that Lollis drove them to the church where Newton was killed. Although the testimony conflicts with Michael Anderson's testimony claiming that they walked there, viewing the evidence in the light most favorable to the prosecution requires the assumption that the jury believed Casey's explanation of how they got to the church over Michael's. Both of the brothers testified that Lollis called them and told them to go to the location of the murder. An overt act is not *required* for a person to be part of a conspiracy in Mississippi, *Davis v. State*, 485 So. 2d 1055, 1058 (Miss. 1986) (citing *Griffin v. State*, 480 So. 2d 1124, 1127 (Miss. 1985)); however, if a person *does* commit overt acts in furtherance of a conspiracy, such acts are strong evidence suggesting that the person is a member of that conspiracy. Lollis's overt acts of alerting the brothers to

6

the location of the murder, driving them to the scene of the murder, and paying them to stay quiet about the murder furthered the conspiracy.

¶18. Lollis argues that he lacked the intent to kill and only wanted Newton to be "rough[ed] . . . up." "[I]ntent may be proven . . . by showing the acts of the person involved at the time in question, and by showing the circumstances surrounding the incident." *Thompson v. State*, 258 So. 2d 448, 448 (Miss. 1972). Lollis's own statements and actions leading up to and after the murder provide sufficient evidence for a rational trier of fact to infer that Lollis possessed the required intent.

¶19. Lollis stated a desire for Newton to be killed. He attempted to solicit Michael Anderson to kill him. He had suspicious interactions with Smith on the night of the murder while Newton was in the truck. He helped the Anderson brothers get to the location of the murder and then paid them to keep quiet about it after the fact. All of his actions are more than enough evidence for a rational trier of fact to determine that Lollis had the required intent to kill and that he was a member of Smith and Wells's conspiracy to murder Newton.

> **II. The jury had a sufficient evidentiary basis on which to find Lollis guilty of murder.**

¶20. It is well established law that all members of a conspiracy are guilty of the crimes committed by members in furtherance of that conspiracy. "The act of any conspirator is the act of all the conspirators." *Holmes v. State*, 798 So. 2d 533, 538 (¶ 19) (Miss. 2001) (citing *Norman*, 381 So. 2d at 1029). "The law is well settled that when two or more persons are confederated for the purpose of murdering another, and in furtherance of such common design such person is killed by one of the conspirators, the killing was the act of each

7

regardless of which inflicted the mortal wound." ***Riley v. State***, 44 So. 2d 455, 457 (Miss. 1950) (citing ***Hurd v. State***, 102 So. 293, 295 (Miss. 1924)).

¶21.    The jury had a sufficient evidentiary basis on which to determine that Lollis was a member of a conspiracy to murder Newton. The jury had a sufficient evidentiary basis on which to determine that Newton was murdered in furtherance of that conspiracy's plan. All members of the conspiracy are guilty of the crimes committed in furtherance of that conspiracy; therefore, the jury had a sufficient evidentiary basis to find Lollis guilty of the murder of Carl Newton.

## CONCLUSION

¶22.    For the foregoing reasons, we affirm the judgment of the trial court.

¶23.    **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**